**Brenda PATTERSON,
Plaintiff–Appellant,**

v.

**McLEAN CREDIT UNION,
Defendant–Appellee.**

No. 85–2394.

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 1, 1989.
Decided Oct. 16, 1989.

Harold L. Kennedy, III, Harvey L. Kennedy (Kennedy, Kennedy, Kennedy and Kennedy, Winston–Salem, N.C., on brief) for plaintiff-appellant.

H. Lee Davis, Jr. (George E. Doughton, Jr., Hutchins, Tyndall, Doughton and Moore, Winston–Salem, N.C., on brief) for defendant-appellee.

Before WIDENER and PHILLIPS, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

This case is now before us on remand from the Supreme Court, which affirmed in part and vacated in part our judgment in this case as reported in 805 F.2d 1143 (4th Cir.1986), and remanded the case for further proceedings. *Patterson v. McLean Credit Union,* — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

## I

Obedient to the mandate of the Supreme Court, we vacate that part of the judgment of the United States District Court for the Middle District of North Carolina which found for defendant on plaintiff's claim that she was denied promotion in violation of 42 U.S.C. § 1981, and remand that claim for further proceedings consistent with the opinion of the Supreme Court, *see Patterson,* — U.S. at —, 109 S.Ct. at 2376–79, and with this opinion.

On remand, the issue of the cognizability of the specific promotion-denial claim asserted by plaintiff should be considered an open one to be resolved in light of the Supreme Court's opinion, *see Patterson,* — U.S. at —, 109 S.Ct. at 2376, whether on the pleadings, or on motion for summary judgment, or by trial, as the course of further proceedings may warrant. *See also Mallory v. Booth Refrigeration,* 882 F.2d 908 (4th Cir.1989).

If the remanded claim is submitted to the jury, the court will of course be guided in its instructions to the jury by that portion of the Supreme Court's opinion disapproving as erroneous this court's affirmance of the instructions given on the original trial. *See Patterson,* — U.S. at —, 109 S.Ct. at 2376–79.

## II

In all other respects, the judgment of the district court dismissing the federal claims of racial harassment and discharge in violation of § 1981 and the pendent state claims for intentional infliction of emotional distress are affirmed in accordance with the earlier cited opinions of this court and of the Supreme Court.

In this connection, we observe that after the case had been remanded to us by the Supreme Court, plaintiff filed in this court a "Motion for Reconsideration on Remand" respecting her pendent state claim for intentional infliction of emotional distress. The motion suggested that an intervening decision of the North Carolina Court of Appeals, *Dixon v. Stuart,* 85 N.C.App. 338, 354 S.E.2d 757 (1987), drew in doubt this court's reliance on earlier North Carolina cases in affirming dismissal of her state pendent claim, and requested reconsideration of that portion of our judgment in conjunction with any remand we ordered.

Without intimating any view that *Dixon v. Stuart,* a pleading sufficiency decision, has the effect suggested by plaintiff, we suggest that plaintiff's motion is one more properly addressed to the district court as one to reopen a judgment under Fed.R. Civ.P. 60(b)(6). Of course we intimate no view of how such a motion, if made, should be resolved. For this reason, we deny the motion without prejudice.

SO ORDERED.