**Brenda PATTERSON, Plaintiff,**

v.

**McLEAN CREDIT UNION, Defendant.**

**No. C-84-73-WS.**

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

Jan. 24, 1990.

Harold L. Kennedy, III of the firm of Kennedy, Kennedy, Kennedy & Kennedy, Winston–Salem, N.C., for plaintiff.

George E. Doughton, Jr., H. Lee Davis, Jr. and Thomas J. Doughton of the firm of Hutchins, Tyndall, Doughton & Moore, Winston–Salem, N.C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Senior District Judge.

This matter comes before the Court on remand from the Fourth Circuit Court of Appeals. Pursuant to the directive of the Supreme Court, *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Fourth Circuit vacated that part of this Court's judgment of November 20, 1985, in favor of defendant on plaintiff's claim that she was denied a promotion in violation of 42 U.S.C. § 1981.[1] *See Brenda Patterson v. McLean Credit Union,* 887 F.2d 484 (4th Cir.1989). The Court of Appeals remanded that claim for further proceedings consistent with its opinion and that of the Supreme Court. Finding that plaintiff's claim

---

**1.** The judgment of this Court of November 20, 1985 resulted from a jury verdict which came after a six day trial.

of discriminatory failure to promote is not cognizable under 42 U.S.C. § 1981, the Court will dismiss plaintiff's promotion denial claim.

In its opinion,[2] the Supreme Court stated that a promotion claim is actionable under § 1981 if "the nature of the change in position [contemplated by the promotion] was such that it involved the opportunity to enter into a new contract with the employer." *Patterson,* —— U.S. at ——, 109 S.Ct. at 2377, 105 L.Ed.2d at 156. In making this determination, the Court explained, a district court "should give a fair and natural reading to the statutory phrase 'the same right ... to make ... contracts,' and should not strain in an undue manner the language of § 1981." *Patterson,* —— U.S. at ——, 109 S.Ct. at 2377, 105 L.Ed.2d at 156. The Supreme Court adhered to its decision in *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), that § 1981 reaches private conduct, but did not feel compelled to interpret "the statutory terms 'make' and 'enforce' beyond their plain and common sense meaning." *Patterson,* —— U.S. at ——, n. 6, 109 S.Ct. at 2377, n. 6, 105 L.Ed.2d at 156, n. 6. "Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981." *Patterson,* —— U.S. at ——, 109 S.Ct. at 2377, 105 L.Ed.2d at 156. (citation omitted).

The Fourth Circuit, in its opinion remanding the case to this Court, instructed that the issue of the cognizability of the specific promotion-denial claim asserted by plaintiff might be resolved "on the pleadings, on motion for summary judgment, or by trial, as the course of further proceedings may warrant." *Patterson,* 887 F.2d at 485 (4th Cir.1989). After a careful consideration of the record in this case, the transcript of the trial testimony, and the exhibits introduced at trial, the Court concludes that the promotion allegedly denied to plaintiff did not amount to "an opportunity for a new and distinct relation" between plaintiff and her employer.

Plaintiff was hired by defendant as a file coordinator and back-up teller on May 5, 1972. Throughout her tenure with defendant, plaintiff was paid on an hourly wage basis. (Brenda Gail Patterson, Pay Record: Plaintiff's Trial Exhibit 4). The promotion sought by plaintiff was to the position of "Accounting Clerk Intermediate." This position was also compensated on an hourly wage basis of 89 cents per hour more than the plaintiff was then making. (Susan Tingen Williamson, Pay Record: Plaintiff's Trial Exhibit 7). The fact that plaintiff's position and the position to which she was allegedly denied a promotion were both compensated on an hourly wage basis at the same location, in the same office, and under the same working conditions, demonstrates to the Court that a promotion to "Accounting Clerk Intermediate" did not provide plaintiff the opportunity for a new and distinct relation with her employer.

Clearly, the situation would be different if plaintiff were alleging the denial of a promotion from an hourly wage position to a salaried position. For instance, in the context of retail sales, a promotion from the hourly wage position of sales associate to the salaried position of department manager would unquestionably constitute a new and distinct contractual relationship between employee and employer. In this case, had plaintiff alleged the denial of a promotion to a salaried position of full accountant or manager of a credit union branch or department, she could certainly have brought her promotion denial claim under § 1981. The denial of a promotion from one hourly wage position to another hourly wage position, since it does not contemplate the formation of a new contract between employee and employer, is not actionable under § 1981.

This opinion addresses only plaintiff's claim under § 1981 that she was denied a promotion on the basis of race. The Court simply concludes that § 1981 is not the proper vehicle for this plaintiff to present her claim of discriminatory failure to promote, and does not, by any reading that

---

**2.** The facts of this case are set out in the Fourth Circuit's opinion, *Patterson v. McLean Credit*

*Union,* of November 25, 1986, which appears at 805 F.2d 1143 (4th Cir.1986).

might be given this opinion, intimate that any form of discrimination in the workplace is acceptable. In Title VII, Congress has provided an elaborate administrative scheme, 42 U.S.C. § 2000e *et seq.*, which is designed to investigate and resolve claims of discrimination in the workplace before trial, if possible. This remedy stood immediately available to plaintiff, who instead waited and subsequently elected to pursue an action under § 1981. Accordingly, the Court is faced with the sole question whether plaintiff's claim of discriminatory failure to promote may properly be brought under § 1981. Under the facts of this case, the Court determines that it may not.

IT IS, THEREFORE, ORDERED that plaintiff's claim of discriminatory failure to promote under 42 U.S.C. § 1981 be, and the same hereby is, DISMISSED.