931 F.2d 887
 58 Fair Empl.Prac.Cas. 144,
56 Empl. Prac. Dec. P 40,733
Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brenda PATTERSON, Plaintiff-Appellant,
v.
MCLEAN CREDIT UNION, Defendant-Appellee.
 No. 90-1729.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1990.
Decided May 3, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Hiram H. Ward, Senior District Judge. (CA-84-73-WS-C)
 Sheila Yvette Thomas, NAACP Legal Defense and Educational Fund, Inc., Washington, D.C. (argued), for appellant; Julius L. Chambers, Cornelia T.L. Pillard, NAACP Legal Defense and Educational Fund, Inc., New York City, Harold Lillard Kennedy, III, Harvey Leroy Kennedy, Sr., Kennedy, Kennedy, Kennedy & Kennedy, Winston-Salem, N.C., on brief.
 Harry Lee Davis, Jr., Hutchins, Tyndall, Doughton & Moore, Winston-Salem, N.C. (argued), for appellee; George E. Doughton, Jr., Thomas J. Doughton, Hutchins, Tyndall, Doughton & Moore, Winston-Salem, N.C., on brief.
 M.D.N.C., 729 F.Supp. 35
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED
 Before WIDENER and PHILLIPS, Circuit Judges, and NORTON, United States District Judge for the District of South Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 This case is before us for the third time, this time on Brenda Patterson's appeal from the district court's dismissal of her promotion-denial claim under 42 U.S.C. Sec. 1981, and the court's refusal to reopen her state-law claim for intentional infliction of emotional distress. Because we conclude that the district court misunderstood the mandate of this court and as a result erred in dismissing Patterson's promotion-denial claim without any adversarial proceedings, we vacate the dismissal and again remand that claim for further proceedings. We affirm the district court's refusal to reopen the state-law pendent claim.
 
 
 2
 * The facts and procedural history of the case are fully developed in our original opinion, 805 F.2d 1143 (4th Cir.1986), the Supreme Court's opinion affirming in part and reversing in part our decision, 491 U.S. 164 (1989), and our opinion on remand from the Supreme Court, 887 F.2d 484 (1989). A brief recapitulation of those aspects of the case that remain relevant will suffice here.
 
 
 3
 Patterson originally claimed violations of 42 U.S.C. Sec. 1981 by reason of McLean Credit Union's workplace racial harassment and failure to promote her, and advanced a pendent state law claim of intentional infliction of emotional distress by reason of the racial harassment. In our first decision, we held that claims of racial harassment are not cognizable, as a matter of statutory interpretation, under Sec. 1981, and affirmed the district court's dismissal of that claim on that basis. On the failure to promote claim, we affirmed the district court's judgment entered on a jury verdict for the employer. Though we thought failure-to-promote claims, as distinguished from harassment claims, were generally cognizable under Sec. 1981, we held, relying on circuit precedent, that the district court properly had placed on claimant the burden of proving that she was more qualified than the white employee who received the "promotion" in issue once the employer had asserted the better qualification of the promoted employee as the "legitimate nondiscriminatory reason" for its action.
 
 
 4
 Reviewing only the federal claims, the Supreme Court affirmed our decision that racial harassment claims are not cognizable under Sec. 1981 because they do not involve either the "making" or "enforcing" of contracts. 491 U.S. at 175-85.
 
 
 5
 On the failure-to-promote claim, however, the Supreme Court found error and vacated our judgment. The Court's holding on this issue had two aspects. (1) That, contrary to our view, not all failure-to-promote claims automatically lie under Sec. 1981, but only those concerned with a "change in position ... such that it involve[s] the opportunity to enter into a new contract with the employer," or "an opportunity for a new and distinct relation between the employee and the employer." Id. at 185. (2) That where a claimant succeeds in proving such a failure-to-promote claim prima facie (including the necessary "new contract" element), under the transposed Title VII disparate treatment proof scheme, and the employer asserts as the legitimate nondiscriminatory reason for its action the better qualification of another, the claimant is not limited in seeking to prove this reason pretextual to proof that she was better qualified. Id. at 186-88.
 
 
 6
 Because of our error in affirming the jury instructions which improperly limited claimant's proof of pretext, the Supreme Court vacated that portion of our judgment and remanded the case to this court for further proceedings on the failure-to-promote claim. Id. at 189.
 
 
 7
 As that claim now stood upon remand to this court, it had acquired a different dimension from that so far litigated. Whereas the "nature of the change" between the position held by the claimant and that to which she was denied "promotion" had not earlier been in issue, now it was a critical threshold element of the reopened claim.
 
 
 8
 Because the reopened claim had effectively become a new one, legally and factually, we remanded it for first instance consideration by the district court. Our assumption was that it should there be considered as if newly pleaded, and should be resolved through the normal processes of adversarial development starting from that point. We sought to indicate this in a mandate which provided that the claim
 
 
 9
 should be considered an open one to be resolved ... on the pleadings, or on motion for summary judgment, or by trial, as the course of further proceedings may warrant.
 
 
 10
 887 F.2d at 485.
 
 
 11
 This mandate apparently was not sufficiently clear, for the able and experienced district judge to whom the case was assigned obviously did not understand it as we intended it. Without awaiting any defensive action by the employer-defendant or any request for re-pleading or discovery by either party, the court, without notice or hearing, entered an order on its own motion dismissing the claim. Applying the Supreme Court's new test for the cognizability of promotion-denial claims under Sec. 1981 to the evidence of record from the original trial, the court, as if on motion for directed verdict on that evidence of record, found the evidence insufficient to establish the requisites of a "new contract" or a sufficiently "new and distinct relationship between the employee and the employer" to support the claim.
 
 
 12
 This appeal followed.
 
 II
 
 13
 Patterson contends that the district court's sua sponte dismissal of the case in the manner above described effectively denied her due process. The employer, conceding that the disposition was as recited, contends that if error was committed, it was harmless because the evidence of record demonstrated beyond peradventure that Patterson had no cognizable Sec. 1981 promotion-denial claim under the Supreme Court's newly framed test.
 
 
 14
 The appellant has support for her contention that the district court's mode of disposition effectively denied her due process. As a rudimentary proposition, even the most open-and-shut disposition should be preceded by fair notice and an opportunity to be heard--even if only to advance legal argument. See, e.g., United States Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.2d 731, 736 (4th Cir.1989); see also Square D Co. v. Niagara Frontier Tariff Bureau, Inc., 760 F.2d 1347, 1365 (2d Cir.1985) (Friendly, J.) (proper procedure for sua sponte dismissal is to issue show cause order).
 
 
 15
 We need not address that possibly thorny question, however, but may rest decision simply on the basis that the district court's disposition was, though perhaps understandably, not reached in accordance with our mandate. That error suffices to require vacatur and remand, unless we could say that the failure to follow the mandate here was harmless error.
 
 
 16
 We cannot say that. The employer says that we may because the evidence already adduced provides a sufficient basis for deciding that the position to which "promotion" was sought was not one which would create a "new contract" or a "new and distinct relationship." The problem is that that was not an issue when the present evidentiary record was made. It is undoubtedly true that, as the employer contends, there is some evidence in the extant record both as to the nature of the position that Patterson had and of that to which she aspired. But this evidence was not addressed to prove that the "change in position" sought gave rise to a "new contract." It came in merely as incidental background and to demonstrate Patterson's qualification for the sought-after position (whatever its nature in relation to her extant position).
 
 
 17
 It may be that given an opportunity to develop the facts relevant to the "new contract" concept more fully, Patterson will be able to add nothing of significance. But we cannot know that, nor could the district court. What we do know, however, is that Patterson has never had the opportunity to make the effort, nor to advance legal arguments as to the sufficiency of the existing or any additional evidence to establish her "new contract" claim.
 
 
 18
 As indicated, our contemplation was that that opportunity should be afforded by the normal adversarial processes of litigation, and it has not been. For that reason, we must vacate that portion of the district court's judgment and remand the case for further proceedings consistent with this opinion.
 
 
 19
 Despite the failure of earlier communication, we still prefer to leave to the district court the exact way in which this essentially new claim should now be developed and resolved. We may, however, offer one suggestion. In oral argument before this court, counsel for the employer, responding to an inquiry as to the course of proceedings in the district court, stated that when that court's sua sponte order of dismissal had come down, counsel in fact had in hand a motion for summary judgment which he was prepared to file.
 
 
 20
 Such a motion would appear to be an appropriate device to initiate the process of resolving this claim upon the remand we again order. If, in response to, or in anticipation of, such a motion, the claimant should seek leave to engage in limited additional discovery (a need asserted on this appeal), the district court can address that request in the ordinary course, guided as may be appropriate by our discussion of the new dimensions of the failure-to-promote claim and the possibility that there could be further evidence relevant to its resolution.
 
 
 21
 Beyond that suggestion, we venture nothing more on either the procedural or substantive aspects of the claim. There have been some subsequent substantive developments in respect of the "new contract" concept since the district court addressed the issue, and we of course do not know what new or additional facts may be developed in the further proceedings. We therefore decline to engage in speculation on how the law as it now stands might be applied to the evidence that will ultimately be before the district court.
 
 III
 
 22
 Patterson also assigns as error the district court's refusal, on her Rule 60(b) motion, to reopen the judgment dismissing the intentional infliction of emotional distress claim on the basis of recent North Carolina decisions indicating a changed standard for that claim. We find no error on that assignment.
 
 
 23
 Patterson argues that recent North Carolina Supreme Court pronouncements in Dixon v. Stuart, 85 N.C.App. 338, 354 S.E.2d 757 (1987), and Brown v. Burlington Indus., Inc., 93 N.C.App. 431, 378 S.E.2d 232 (1989), indicate a slight relaxing of the threshold for maintaining an intentional infliction of emotional distress claim. Specifically, she contends that these cases hold that physical conduct is not required and that extreme ridicule and harassment is actionable. Even if that is the case, a point we assume without deciding, the conduct that sustained claims in those cases still far exceeds in outrageousness the conduct experienced by Patterson. In particular, Brown involved graphic and sexually explicit language that, while not involving a physical assault, amounts to a verbal assault. See 378 S.E.2d at 234-35. And Dixon is distinguishable since the court there addressed the standard for a motion to dismiss, and not the standard for a directed verdict. Consequently, we hold that these opinions did not alter the legal landscape in such a way as to indicate that the district court abused its discretion in denying the motion to reopen the judgment.
 
 IV
 
 24
 In conclusion, we reverse and remand for further proceedings the Sec. 1981 refusal-to-promote claim, and affirm the district court's denial of the motion to reopen the judgment dismissing the state-law claim of intentional infliction of emotional distress.
 
 
 25
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.