39 F.3d 515
 66 Fair Empl.Prac.Cas. (BNA) 360,
65 Empl. Prac. Dec. P 43,371
Brenda PATTERSON, Plaintiff-Appellant,
v.
McLEAN CREDIT UNION, Defendant-Appellee.
Equal Employment Advisory Council, Amicus Curiae.
 No. 92-1376.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 28, 1992.
Decided Nov. 15, 1994.
 
 ARGUED: Judith Reed, NAACP Legal Defense & Educational Fund, New York City, for appellant. Harry Lee Davis, Jr., Hutchins, Tyndall, Doughton & Moore, Winston-Salem, NC, for appellee. ON BRIEF: Julius L. Chambers, Charles Stephen Ralston, Eric Schnapper, NAACP Legal Defense & Educational Fund, New York City; Harold Lillard Kennedy, III, Harvey Leroy Kennedy, Sr., Kennedy, Kennedy, Kennedy & Kennedy, Winston-Salem, NC, for appellant. Thomas J. Doughton, Hutchins, Tyndall, Doughton & Moore, Winston-Salem, NC, for appellee. Robert E. Williams, Douglas S. McDowell, Heidi K. McAuliffe, McGuiness & Williams, Washington, DC, for amicus curiae.
 Before WIDENER and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 Affirmed by published opinion. Judge WIDENER wrote the opinion, in which Judge WILLIAMS and Senior Judge PHILLIPS joined.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 Appellant, Brenda Patterson, appeals from a summary judgment entered February 18, 1992 in the Middle District of North Carolina in favor of the appellee, McLean Credit Union, in an action commenced by Mrs. Patterson asserting the denial of a promotion based on racial discrimination. Mrs. Patterson argued initially that there was a genuine issue of material fact and that the district court should have applied the Civil Rights Act of 1991, amending 42 U.S.C. Sec. 1981, retroactively to her case. That the Civil Rights Act of 1991 is not retroactive, however, has been conclusively decided in Rivers v. Roadway Express, --- U.S.----, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994), and Landgraf v. USI Film Prods., --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), and so we need not address that issue. Since retroactivity of the 1991 Act was the principal issue in this case, we deferred our decision for Rivers, and we now affirm the district court's grant of summary judgment to McLean Credit Union.
 
 
 2
 This case has an extensive history. Mrs. Patterson originally brought this suit in the District Court for the Middle District of North Carolina, arguing multiple theories. She asserted that her employer, McLean Credit Union, discriminated against her by harassing her at work, failing to promote her, and discharging her because she was black, all in violation of 42 U.S.C. Sec. 1981.[1] She had also asserted a pendent state claim based on intentional infliction of emotional distress under North Carolina law.[2]
 
 
 3
 At trial, the district court refused to submit the racial harassment claim to the jury, holding that racial harassment was not cognizable under Sec. 1981. The district court also granted McLean Credit Union's motion for a directed verdict on Mrs. Patterson's pendent state claim because there was insufficient evidence to support the submission of that claim to the jury under North Carolina law. The district court, however, allowed the discharge and promotion-denial claims to go to the jury, which found for McLean Credit Union on both issues.
 
 
 4
 Mrs. Patterson appealed to this court, arguing that the district court erred when it refused to submit her harassment claim under Sec. 1981 to the jury and erred in its instructions to the jury on her promotion-denial claim because the district court had instructed the jury that in order for Mrs. Patterson to prevail on her failure-to-promote claim, she had to show that once the employer had advanced superior qualification as a legitimate nondiscriminatory reason for hiring another employee, she was more qualified than the employee who was in fact hired for that position. We affirmed the district court, holding that Sec. 1981 could not support a claim for racial harassment by an employee and that the district court's jury instructions were not error. Patterson v. McLean Credit Union, 805 F.2d 1143, 1145-48 (4th Cir.1986).
 
 
 5
 Mrs. Patterson appealed our decision to the United States Supreme Court. After granting certiorari, that Court affirmed in part and vacated in part our decision described above. Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The Court affirmed that part of our opinion holding Sec. 1981 inapplicable to a racial harassment claim during the performance of an employment contract, but vacated that part of our opinion affirming the district court's jury instructions requiring the plaintiff to prove superior qualifications in the Sec. 1981 promotion discrimination claim. Patterson, 491 U.S. at 189, 109 S.Ct. at 2379. Instead, the Court held that a plaintiff in this Sec. 1981 promotion discrimination action could present evidence of a variety of reasons tending to show that McLean's stated reason was pretextual, and that the jury instruction requiring that the plaintiff could prove only superior qualifications was in error. Patterson, 491 U.S. at 187, 109 S.Ct. at 2378. Thus, the Supreme Court vacated only that part of our decision dealing with Mrs. Patterson's promotion-denial claim, and remanded it for further proceedings in light of its opinion. Patterson, 491 U.S. at 189, 109 S.Ct. at 2379.
 
 
 6
 On remand from the Supreme Court, we vacated that part of the judgment of the district court relating to Mrs. Patterson's promotion-denial claim and remanded the case for further proceedings consistent with the opinion of the Supreme Court, Patterson v. McLean Credit Union, 887 F.2d 484, 485 (4th Cir.1989). We directed the district court on remand to consider the promotion-denial claim made by Mrs. Patterson as "an open one to be resolved in light of the Supreme Court's opinion, ... whether on the pleadings, or on motion for summary judgment, or by trial, as the course of the further proceedings may warrant." Patterson, 887 F.2d at 485. We affirmed all other portions of the judgment of the district court in accordance with the earlier cited opinions of this court and of the Supreme Court. Patterson, 887 F.2d at 485.
 
 
 7
 On remand from this court, the district court, relying on the Supreme Court's articulation of the "new and distinct relationship" standard as a threshold question for a Sec. 1981 promotion-denial claim, without further briefing or discovery, found that the evidence from the trial and record was not sufficient to have established that the promotion allegedly denied plaintiff "did not 'amount to a new and distinct relation' between plaintiff and her employer." Accordingly, the district court dismissed Mrs. Patterson's promotion-denial claim. Patterson v. McLean Credit Union, 729 F.Supp. 35 (M.D.N.C.1990).
 
 
 8
 On appeal from this dismissal, we found the district court erred by not allowing any adversarial proceedings to establish whether there was a new contract claim or not. Patterson v. McLean Credit Union, No. 90-1729, 1991 WL 68811 (4th Cir. May 3, 1991) (per curiam) (unpublished). We remanded the case with instructions that the district court allow both sides to fully brief the issue and develop the facts on the essential element of whether the new job Mrs. Patterson sought with McLean Credit Union was so different from her old job as to create a new and distinct relationship between employer and employee.
 
 
 9
 Upon remand, McLean Credit Union filed a motion for summary judgment, arguing that the existing record revealed no genuine issue of material fact. The district court afforded both parties additional time for discovery and briefing of the issues. In a thorough opinion, the district court, after concluding that the Civil Rights Act of 1991 did not apply retroactively, applied the standard of the Supreme Court's opinion in Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132, and found that under that standard, there was no genuine issue of material fact and that the position not advanced by plaintiff would not have resulted in a "new and distinct relation" between plaintiff and her employer. Patterson v. McLean Credit Union, 784 F.Supp. 268, 280-86 (M.D.N.C.1992). The district court accordingly granted McLean Credit Union's motion for summary judgment and this appeal followed.
 
 
 10
 We review the district court's grant of summary judgment in favor of McLean Credit Union under a de novo standard and affirm only if the record shows that there is no genuine issue as to material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994), --- U.S. ----, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994). In Shaw, we succinctly set forth the considerations relevant to summary judgment:
 
 
 11
 A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. Id. at 255, 106 S.Ct. at 2514. The plaintiff is entitled to have the credibility of all his evidence presumed. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990), cert. denied, 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. Anderson, 477 U.S. at 248, 106 S.Ct. at 2510. A mere scintilla of evidence supporting the case is insufficient. Id.
 
 
 12
 Shaw, 13 F.3d at 798.
 
 The Supreme Court held in Patterson that:
 
 13
 [T]he question whether a promotion claim is actionable under Sec. 1981 depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer. If so, then the employer's refusal to enter into a new contract is actionable under Sec. 1981 ... Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under Sec. 1981.
 
 
 14
 491 U.S. at 185, 109 S.Ct. at 2377. The issue before the district court on McLean's motion for summary judgment was whether, in light of Patterson, there was a genuine issue of material fact as to whether McLean Credit Union's failure to promote Mrs. Patterson amounted to the loss for her of the opportunity to enter into a new contract or a new and distinct relationship. In White v. Federal Express Corp., 939 F.2d 157, 159 (4th Cir.1991), we stated that the district court correctly analyzed the issue of whether an employee was denied an opportunity to enter into a new contract with an employer. The district court had utilized the contract test from Malhotra v. Cotter & Co., 885 F.2d 1305 (7th Cir.1989), which is "whether the terms of the contractual relationship between the employee and the employer would change," a test that excludes lateral transfers without significant changes in responsibility and pay that we found sufficient in Mallory v. Booth Refrigeration Supply Co., 882 F.2d 908 (4th Cir.1989) (holding that "promotion from a clerk to a supervisor with a consequent increase in responsibility and pay satisfies this [Patterson] test"). See White v. Federal Express Corp., 729 F.Supp. 1536, 1544-45 (E.D.Va.1990). And we note that the Court apparently considered the fact situation, a promotion from associate to partner, in Hishon v. King & Spalding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), as a new and distinct relationship for which Sec. 1981 relief might apply, although Hishon is a Title VII case. Patterson, 491 U.S. at 185-86, 109 S.Ct. at 2377-78.
 
 
 15
 The job that Mrs. Patterson held with McLean was as an Account Junior. A fellow employee, Mrs. Williamson, was also employed by McLean as an Account Junior and received a change of job to Account Intermediate. Mrs. Patterson was black and Mrs. Williamson was white. Mrs. Patterson, it will be remembered, has asserted that Mrs. Williamson was given the job of Account Intermediate instead of herself because of Mrs. Patterson's race. Mrs. Patterson did not sue under Title VII, so the question is whether the difference between Account Intermediate and Account Junior is such a new and distinct relationship between employee and employer that the terms of the contractual relationship between the employee and employer would change.
 
 
 16
 The district court analyzed the two jobs at length and came to the conclusion that there was no new and distinct relationship, so that the contractual relationship between the employee and employer did not change. It found, among other facts, that Mrs. Williamson remained at the same desk and under the same supervision as she had before the title change when her job title was the same as Mrs. Patterson's. Both jobs were hourly paid. Neither job had any supervisory responsibility. While both jobs had filing as one of their duties, each had certain other clerical obligations also. The pay of the two positions differed by .89 per hour ($8.23 and $7.34).[3] There is no claim that there was any difference in pension or insurance benefits because of those job titles. There was no change in any level of responsibility between the two job titles. All of the duties of each job were clerical in nature. These facts are not in dispute.
 
 
 17
 On these facts, the district court came to the conclusion that the two jobs were not greatly different, and that any difference existing such as the slight difference in pay was not enough to find that the change of jobs would have been a new and distinct relationship between employer and employee which would have changed the contractual relationship between them.
 
 
 18
 We are of opinion the district court correctly analyzed the case and came to the proper conclusion.
 
 
 19
 The judgment of the district court is accordingly
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Section 1981 at that time provided:
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.
 
 
 [2]
 This claim has its own history not presently relevant to the case at hand. See Patterson v. McLean Credit Union, 805 F.2d 1143, 1146-47 (4th Cir.1986); Patterson v. McLean Credit Union, 130 F.R.D. 617 (M.D.N.C.1990)
 
 
 [3]
 On appeal, the plaintiff argues that the difference in pay was $2.00 per hour. We have looked at the references provided us by the plaintiff and do not find any refutation of the district court's finding at 784 F.Supp. at 271 that plaintiff's own trial exhibits disclose the difference of .89 per hour. In all events, we doubt that a difference of $2.00 per hour would have made a difference in view of the facts in this case, a question, however, we do not decide