70 F.3d 1260
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James AMAKER, Plaintiff-Appellant,
v.
WINN-DIXIE, GREENVILLE, INCORPORATED, Defendant-Appellee,
and
Kwik Check Supermarket, Incorporated, Defendant.
 No. 95-1254.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 25, 1995.
Decided Dec. 1, 1995.
 
 1
 ARGUED: Mary P. Miles, Columbia, South Carolina, for Appellant. Kristofer Karl Strasser, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, L.L.P., Greenville, South Carolina, for Appellee. ON BRIEF: Donald A. Cockrill, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, L.L.P., Greenville, South Carolina, for Appellee.
 
 
 2
 Before WIDENER and LUTTIG, Circuit Judges, and BEATY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 
 
 3
 Affirmed by unpublished opinion. Judge BEATY wrote the opinion, in which Judge WIDENER and Judge LUTTIG joined.
 
 OPINION
 BEATY, District Judge:
 
 4
 James Amaker ("Amaker") appeals the district court's grant of summary judgment in favor of Winn-Dixie, Greenville, Inc. ("WinnDixie") on his claim of constructive discharge due to his race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2. The district court found that Amaker had failed to establish a prima facie case of racial discrimination. We affirm.
 
 I.
 
 5
 Amaker, a black male, was a Winn-Dixie employee for twenty-four years. In 1986, Amaker was named store manager of a Winn-Dixie store in Orangeburg, South Carolina. In 1988, Amaker was transferred to be the manager of a larger store in Walterboro, South Carolina. Amaker's transfer was approved by Winn-Dixie's operations superintendent Dennis McCoy ("McCoy").
 
 
 6
 As part of his duties, McCoy would inspect each store in his division at least four times a year. On March 18, 1992 McCoy inspected Amaker's store and found that it was "immaculate." J.A. at p. 201. Amaker's store had just received an extensive facelift as part of Winn-Dixie's "Up Another Notch" program. McCoy asked for Amaker's assurance that he would maintain his store in pristine condition. J.A. at p. 140.
 
 
 7
 McCoy inspected Amaker's store again on August 11, 1992, however, and found that it was in "deplorable" condition. J.A. at p. 75. He stated that the store was dirty and had unsanitary products on display. Id. McCoy called Wesley Hopkins, Amaker's immediate supervisor, who made a list of the problems McCoy found at Amaker's store. Hopkins then assembled a work crew to clean the store.
 
 
 8
 McCoy later told Amaker that he was not happy with the condition of Amaker's store, and that he had decided to transfer Amaker back to Orangeburg. McCoy considered this move to be a lateral transfer for Amaker without a change in his salary or job position. Amaker inquired about the possibility of a transfer to a store in Columbia, South Carolina. McCoy replied that such a transfer was possible, but Amaker first had to decide whether he wanted to remain a store manager with Winn-Dixie. J.A. at p. 78. After receiving several extensions of the leave of absence he requested in order to consider McCoy's offer of either the Orangeburg or Columbia store, Amaker resigned from Winn-Dixie with only the explanation that he felt compelled to resign.
 
 
 9
 Amaker then brought this action against Winn-Dixie for constructive discharge on the basis of his race under Title VII, 42 U.S.C. Sec. 2000e-2. The district court found that Amaker had not stated a prima facie case of discrimination and granted summary judgment for Winn-Dixie. From this judgment, Amaker appeals.
 
 II.
 
 10
 This Court reviews the district court's granting of summary judgment de novo and only affirms if the record shows that there is no genuine issue as to material fact. Patterson v. McLean Credit Union, 39 F.3d 515, 518 (4th Cir.1994). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden to show the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 III.
 
 11
 In order to state a claim for racially-motivated discharge under Title VII,* the plaintiff must prove, by the preponderance of the evidence, a prima facie case of discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-3 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). A prima facie case of racially-motivated discharge consists of the following elements: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for the job and performed the job satisfactorily; (3) in spite of his qualifications and performance, plaintiff was demoted and ultimately discharged; and (4) the position remained open to similarly qualified applicants after plaintiff's discharge. Carter v. Ball, 33 F.3d 450, 459 (4th Cir.1994). The third element, which is at issue in the present case, requires that Amaker, in order to make out a prima facie case of discrimination, prove by a preponderance of the evidence that he has been subjected to an actual or constructive discharge. Id. Since the evidence reveals that Amaker was to receive a lateral transfer to the Orangeburg store, and that he was also under consideration for a Columbia, South Carolina store, it is clear that he was not actually discharged by Winn-Dixie.
 
 
 12
 Amaker argues, however, that he was constructively discharged. Constructive discharge occurs when the employer creates intolerable working conditions in a deliberate attempt to force the employee to quit. Carter, at 459. The plaintiff must show both (1) the deliberateness of the employer's actions, and (2) the intolerability of the working conditions. Amirmokri v. Baltimore Gas and Elec. Co., 60 F.3d 1126, 1132 (4th Cir.1995) (quoting Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1354 (4th Cir.1995)). As this Court has stated:
 
 
 13
 "Deliberateness exists only if the actions complained of 'were intended by the employer as an effort to force the employee to quit.' " ... Intolerability is "assessed by the objective standard of whether a 'reasonable person' in the employee's position would have felt compelled to resign."
 
 
 14
 E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 944 (4th Cir.1992) (citations omitted).
 
 
 15
 In the present case, Amaker fails to raise a material factual issue regarding whether he was constructively discharged. Amaker argues that Winn-Dixie used the Orangeburg store as a disposal for managers before they were eventually fired. Amaker, however, testified that he did not believe the proposed transfer was racially motivated. Amaker stated in his deposition that, "[A]s far as [McCoy's] comment in that, James, I was not satisfied with the store on Tuesday and I want you to take [the Orangeburg store], the way the comment was made, I don't think that anything was racial there." J.A. at p. 160.
 
 
 16
 Furthermore, on the issue of constructive discharge, Amaker's evidence does not support his allegation that the transfer was a deliberate act by Winn-Dixie to force him to resign. He also does not provide any evidence that the working conditions in the Orangeburg store were intolerable. Amaker's only evidence of constructive discharge is the sworn statement of Hoyt M. Spearman, a Winn-Dixie district manager, who stated the following in response to questions from Mary P. Miles, Attorney for Amaker:
 
 
 17
 Q. Isn't it true, now, Mr. Spearman, that [the Orangeburg store] is the death chart for managers?
 
 
 18
 A. Ms. Miles, that's the word on the street, the rumor or whatever; but for me to say, I really don't know because I've never been involved with the store. All I know is what I've--my opinion, what you hear and things of that nature. I do know that, as you said earlier, there have been a lot of changes in that store.
 
 
 19
 Spearman Statement, p. 50; J.A. at p. 121.
 
 
 20
 We find that this evidence is insufficient to establish that WinnDixie's transfer of Amaker was discriminatory or racially motivated. Further, we find that Amaker has not established a claim of constructive discharge to the extent there is no evidence that Winn-Dixie engaged in a deliberate act designed to subject Amaker to intolerable working conditions so as to force him to resign. Amaker, therefore, has failed to state a prima facie case of discrimination. Accordingly, the judgment of the district court is
 
 
 21
 AFFIRMED.
 
 
 
 *
 42 U.S.C. Sec. 2000e-2(a) provides:
 It shall be an unlawful employment practice for an employer--
 (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.
 42 U.S.C. Sec. 2000e-2(a) (1994).