Francis W. **HEALEY,** Plaintiff,

v.

Doris G. **HEALEY,** Defendant.

No. 93–95–CIV–3–BR.

United States District Court,
E.D. North Carolina,
Western Division.

Jan. 10, 1996.

with federal-question jurisdiction...." *Anderson v. Household Fin. Corp.,* 900 F.Supp. 386, 389 (M.D.Ala.1995).

Jack Edmund Carter, Fayetteville, NC, for Francis W. Healey.

Felix Thomas Holt, III, Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., Fayetteville, NC, for Doris G. Healey.

Doris G. Healey, Highland Park, NJ, pro se.

### ORDER

BRITT, District Judge.

Before the court are the parties' cross-motions for summary judgment. Defendant has also requested that the court order a hearing on this matter. The court finds a hearing in this matter is not necessary as the facts and legal contentions are adequately presented in the materials before the court, thus defendant's request for oral argument is DENIED. This matter is now ripe for disposition.

### I. FACTS

Defendant and plaintiff were married in 1959 in the Commonwealth of Virginia, and resided as man and wife in the State of New Jersey. In September 1990, the parties moved to Cumberland County, North Carolina. One year later, defendant left plaintiff and returned to New Jersey.

In March 1992, defendant filed for divorce, alimony, equitable distribution and relief from domestic violence against plaintiff in the State of New Jersey. In October 1992, defendant filed an amended complaint in the State of New Jersey for divorce, essentially repleading all of the allegations of her original complaint. Plaintiff here was served with a copy of the amended complaint in North Carolina, but filed no answer and made no appearance in the New Jersey proceedings. The Superior Court for the State of New Jersey granted defendant an absolute divorce from plaintiff in December 1992 and issued an order for alimony and equitable distribution by way of a qualified domestic relations order in January 1993. Pursuant to that order, defendant has taken action to garnish a portion of plaintiff's federal retirement pension.

In turn, plaintiff filed for an absolute divorce in Cumberland County, North Carolina, in October 1992. Defendant filed no answer and made no appearance in the North Carolina proceeding. The North Carolina District Court granted plaintiff absolute divorce in December 1992. Plaintiff filed this action seeking to prevent defendant from receiving a direct payment and/or garnishment of plaintiff's retirement pension pursuant to the New Jersey court's order.[1]

### II. DISCUSSION

Summary judgment is appropriate if the court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Fourth Circuit has articulated the summary judgment standard as follows:

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986). In considering a motion for summary judgment, the court is required

---

1. Defendant has also filed a counterclaim for declaratory relief seeking enforcement of the New Jersey order. Yet, defendant argues dismissal of the entire action is appropriate, as the court should decline to exercise its discretionary authority under the Declaratory Judgment Act. Because the court finds it does not have subject matter jurisdiction, the court does not reach this issue.

to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255 [106 S.Ct. at at 2513]. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* 498 U.S. 1109 [111 S.Ct. 1018, 112 L.Ed.2d 1100] (1991). The party seeking summary judgment has the initial burden to show the absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 [106 S.Ct. 2548, 2553, 91 L.Ed.2d 265] (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest on mere allegations or denials, *Anderson,* 477 U.S. at 248 [106 S.Ct. at 2510]. A mere scintilla of evidence supporting the case is insufficient. *Id.*

*Patterson v. McLean Credit Union,* 39 F.3d 515, 518 (4th Cir.1994) (quoting *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994)).

■ Plaintiff invokes federal subject matter jurisdiction under the civil enforcement provisions of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. § 1132(a)(1)(B).[2] Plaintiff seeks a declaratory judgment that defendant's divorce, and the resulting garnishment of plaintiff's pension, to be null and void.

■ The purpose of ERISA generally, and the civil enforcement actions more specifically, is to establish standards for the administration of retirement plans and to give participants in retirement plans access to the federal courts to ensure appropriate remedies and sanctions. *See* 29 U.S.C. § 1001; *Cate v. Blue Cross & Blue Shield,* 434 F.Supp. 1187, 1190 (E.D.Tenn.1977) ("It is clear from [its] declaration of policy, and from the structure of the Act, that the focus of Congress was on the 'conduct, responsibility and obligation' of those who were responsible for administering employee benefit plans."). These purposes of ERISA suggest that the scope of litigation provided for under the Act was intended by Congress to be limited to actions between plan beneficiaries and plan administrators, not between competing beneficiaries as is the case here. Indeed, the bulk of the considerable case law arising under § 1132(a) appears to involve actions taken by plan beneficiaries to enforce the lawful and proper administration of the benefit plan by the plan administrator.

It should also be noted that ERISA prohibits the assignment or alienation of benefits provided under the plan, 29 U.S.C. § 1056(d)(1), except when such assignment or alienation is made pursuant to a qualified domestic relations order, *id.* § 1056(d)(3). This exception clause explicitly recognizes the assignment of plan benefits to an alternate payee as part of an award of alimony or marital property rights. *See id.* Thus, ERISA specifically authorizes the type of garnishment action on plaintiff's pension pursued by defendant here under the New Jersey order.

In this case, plaintiff's cause of action does not relate to ERISA. The relief sought does not involve an interpretation of the plan or plaintiff's rights thereunder. Further, plaintiff makes no assertions that the New Jersey domestic relations order fails to qualify under the provisions of § 1056(d)(3) or that the plan administrator has in some way erred in recognizing and responding to that order. Rather, plaintiff attacks the New Jersey order of divorce, alimony, and equitable distribution on the bases of New Jersey's lack of personal jurisdiction over him and plaintiff's alleged failure to meet New Jersey's one-year residency requirement to sue for divorce.

Because plaintiff seeks to attack a state court judgment, rather than alleges a claim under ERISA, plaintiff cannot use ERISA as an avenue to federal court. Thus, this court lacks subject matter jurisdiction to entertain plaintiff's claim (and defendant's counterclaim).

### III.  *CONCLUSION*

For the foregoing reasons, this action is DISMISSED for lack of subject matter juris-

---

2. This section provides that "[a] civil action may be brought by a participant or beneficiary … to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.*

diction. The court is therefore without authority to rule on the parties' cross-motions for summary judgment.