UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

ROLAND LEE KELLY, SR.,
Plaintiff-Appellant,

v.

ROBERT BENCHECK, individually and
in his official capacity; BRADLEY R.
CHANDLER, individually and in his
official capacity; BRIAN FLANNERY,
individually and in his official
capacity; R. T. BRYANT, individually    No. 96-6780
and in his official capacity; RONALD
HANSEN, in his official capacity as
Chief of Police; THE CITY OF
FAYETTEVILLE,
Defendants-Appellees,

and

WILLIAM BRITTON,
Defendant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, District Judge.
(CA-94-51-3-BR)

Argued: January 30, 1997

Decided: February 24, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Michael Cullen Boose, BOOSE & MCSWAIN, Fayette-
ville, North Carolina, for Appellant. James R. Nance, Jr., Fayetteville,
North Carolina; Randolph Grantley Singleton, Jr., Fayetteville, North
Carolina, for Appellees. **ON BRIEF:** Ronald D. McSwain, BOOSE
& MCSWAIN, Fayetteville, North Carolina, for Appellant. Carl J.
Milazzo, Fayetteville, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

During a stakeout on a used car lot, a plainclothes, armed police
officer confronted the armed property owner. Although the police
officer identified himself, the property owner refused to yield his fire-
arm. The property owner, who was ultimately charged with assault of
a police officer and acquitted, then brought a 42 U.S.C. § 1983 action
against the officer and two uniformed officers who responded to the
plainclothes officer's call for help and aided in the property owner's
arrest. Because the district court properly concluded that the officers
had probable cause to arrest the property owner, we affirm its grant
of summary judgment to the officers.

I.

In ruling upon a summary judgment motion we view the facts in
the light most favorable to the non-moving party. See Patterson v.
McLean Credit Union, 39 F.3d 515, 518 (4th Cir. 1994). Therefore,
the following summary of the facts is based on the undisputed facts
or those asserted by the non-movant.

Roland Lee Kelly, Sr. owned two used car lots in a high crime area
of Fayetteville, North Carolina. There had been several incidents of

vandalism and breaking and entering on Kelly's lots, the most recent of which occurred within a month of the arrest that forms the basis of this action. Because of these losses, and a previous attack on Kelly's son by a would-be vandal, Kelly hired a private security guard to protect the lots each evening.

At about 9 p.m. on July 2, 1993 as Kelly and his wife drove past the car lot, Kelly saw a suspicious figure "running in a crunched down position across the middle" of his car lot. Believing that his business was being targeted for criminal activity, Kelly directed his wife to park next to the lot. Kelly took a firearm with him, and proceeded to search the lot for any criminal activity. Kelly eventually encountered a man dressed in white clothes, crouched down and hiding by an office building. The man carried no visible weapon. Kelly asked the man, "Sir, would you tell me what the hell you're doing here?" The man responded, "Who in the hell are you?" Kelly answered that he was the owner of the lot. The man told Kelly that he was a police officer, but because the man was in plain clothes, Kelly did not believe him.

Kelly demanded to see a badge and the man dropped his badge to the ground. Kelly picked the badge up, looked at it, and saw that it stated "Fayetteville City Police," and handed it back to the man. Kelly did not put his gun away but demanded that the man write down his name and badge number as verification. While the man was writing something down, Kelly heard police sirens and several uniformed officers arriving in police cars. The uniformed officers instructed Kelly to give them his weapon. When Kelly did not do so, the officers tackled Kelly and physically wrenched the weapon from his grip. Kelly was arrested and later charged with assault on a police officer by use of a firearm. He was tried and acquitted of the charge.

Kelly later learned that the man he encountered on the lot was Officer Robert Bencheck of the Fayetteville Police Department, who had been conducting an undercover surveillance operation on the lot. Subsequent to his acquittal in the criminal case, Kelly brought suit pursuant to 42 U.S.C. § 1983 for false arrest against Officer Bencheck and the other uniformed officers who had apprehended him. All officers moved for summary judgment on all claims, which the district court granted. The court reasoned that because the officers had probable

3

cause to arrest Kelly, even under Kelly's version of the facts, none of his claims could survive summary judgment. Kelly appeals.

II.

A plaintiff can only succeed in an action for false arrest under § 1983 if he can prove that the police officers lacked probable cause to arrest him. See, e.g., Albright v. Oliver, 114 S. Ct. 807 (1994); Clipper v. Takoma Park, Md., 876 F.2d 17, 19 (4th Cir. 1989); Torchinsky v. Siwinski, 942 F.2d 257, 264 (4th Cir. 1991). If the plaintiff cannot establish that probable cause was lacking, summary judgment for the defendant police officers is appropriate. See Rowland v. Perry, 41 F.3d 167, 169 (4th Cir. 1994).

Kelly contends that summary judgment was inappropriate here because genuine issues of material fact exist as to whether the officers had probable cause to arrest him. See Patterson v. McLean Credit Union, 39 F.3d 515, 518 (4th Cir. 1994). However, even under Kelly's own version of the facts, it is clear that the officers did indeed have probable cause to arrest him.

The probable cause determination is governed by a totality of the circumstances test. Illinois v. Gates, 462 U.S. 213 (1983). In determining probable cause a reviewing court does not speculate as to the subjective mindset of the person arrested at the time of arrest. Instead, the court looks to the information that the officer had at the time of arrest. Id.

Applying these standards to the instant case, the undisputed facts unequivocally demonstrate that the officers had probable cause to arrest Kelly. Indisputably, one or more of the officers knew: (1) Kelly would not surrender his firearm to Officer Bencheck, despite Bencheck's having identified himself as a police officer and showing his badge; and (2) Kelly disregarded a second order to yield his firearm, this time given by the two uniformed officers who arrived at the lot. These facts provided the officers with probable cause to believe that Kelly was committing an assault with a firearm upon a police officer. Gates requires "[o]nly the probability, and not a prima facie showing, of criminal activity," Id. at 241. The fact that Kelly was acquitted of the assault charge at his criminal trial does not alter the determination

4

as to whether probable cause existed at the time of arrest. <u>See Kipps v. Ewell</u>, 391 F.Supp. 1285, 1289 (W.D. Va.), <u>aff'd</u>, 583 F.2d 564 (4th Cir. 1976).

The confrontation giving rise to this law suit was an unfortunate misunderstanding between two parties acting with the best of intentions--to prevent crimes from being committed. This, however, does not change the fact that the officers had probable cause to arrest Kelly. Accordingly, we must affirm the district court's grant of summary judgment to the defendant officers.

<u>AFFIRMED</u>

5