873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Lee PERRY, Petitioner-Appellant,
v.
P.M. ROGERS, Attorney General of North Carolina,
Respondents-Appellees.
 No. 88-7194.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1988.
Decided April 28, 1989.
 
 Joseph Lee Perry, appellant pro se.
 Barry Steven McNeill, Office of the Attorney General of North Carolina, for appellees.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph Lee Perry seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. In his petition Perry claimed that he received ineffective assistance of counsel, that his convictions violated the double jeopardy clause of the Constitution, and that the trial court erred in failing to hold a sentencing hearing. The district court found Perry's ineffective assistance claim to be procedurally barred and dismissed the remaining claims as being without merit. Although we grant a certificate of probable cause to appeal, we affirm.
 
 
 2
 Perry claimed that he received ineffective assistance of counsel because his attorney failed to request a sentencing hearing and failed to raise a double jeopardy claim on direct appeal to the North Carolina Court of Appeals. The United States Magistrate to whom the petition had been referred for report and recommendation pursuant to 28 U.S.C. Sec. 636(b)(1) noted that this claim was denied by the state superior court in its ruling on Perry's motion for appropriate relief brought in 1985, because Perry failed to raise the claim in a motion for appropriate relief brought in 1977, although he could have done so. The Magistrate concluded that the state court's finding of a procedural bar also barred federal habeas corpus review. See Wainwright v. Sykes, 433 U.S. 72 (1977); Cole v. Stephenson, 620 F.2d 1055 (4th Cir.), cert. denied, 449 U.S. 1004 (1980).
 
 
 3
 The Magistrate based his opinion on N.C.Gen.Stat. Sec. 15A-1419(a), which provides, in pertinent part:
 
 
 4
 The following are grounds for the denial of a motion for appropriate relief:
 
 
 5
 (1) Upon a previous motion ..., the defendant was in a position to adequately raise the ground or issue ... but did not do so. This subdivision does not apply to a motion based upon deprivation of the right to counsel at the trial....
 
 
 6
 (emphasis added)
 
 
 7
 The right to counsel contemplates effective assistance of counsel. State v. Vickers, 306 N.C. 90, 93, 291 S.E.2d 599, 602 (1982). Perry was not required to raise his ineffective assistance claim in his first motion for appropriate relief and the district court erred in dismissing the claim of ineffective counsel as procedurally defaulted. We need not remand this case, however, because we conclude that the ineffective counsel claim is without merit.
 
 
 8
 In order to be entitled to relief on an ineffective assistance of counsel claim the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness, and that, but for his attorney's errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 689, 694 (1984). Whether counsel's performance was deficient may be bypassed if it is easier to dispose of the claim on the ground of lack of sufficient prejudice. Strickland, 466 U.S. at 697.
 
 
 9
 The record reveals that, contrary to Perry's assertions, a sentencing hearing was held, albeit a brief one. Testimony offered by the state after the jury had returned its verdict and prior to sentencing revealed that Perry had two prior convictions for separate robberies. In fact, Perry was on parole from a previous armed robbery when he committed the offenses challenged here. Additionally, the attempted armed robberies which are the subject of this petition were aggravated by the fact that Perry actually fired shots at the intended victims. Perry's counsel made an argument to the court on Perry's behalf for leniency, emphasizing Perry's relative youth when the prior offenses occurred and pleading for sympathy.
 
 
 10
 Based upon this record we conclude that even if counsel had sought an expanded sentencing hearing and Perry offered the testimony of character witnesses, the mitigation value, if any, would have been minimal. Consequently, Perry cannot show sufficient prejudice from his attorney's failure to obtain an expanded sentencing hearing to entitle him to relief.
 
 
 11
 Perry's allegation that his counsel was ineffective for failing to raise a double jeopardy claim on direct appeal is equally without merit. Counsel did, in fact, argue to the North Carolina Court of Appeals that Perry could not be convicted of two crimes; rather, at most, he was guilty of a single offense. This argument encompasses a double jeopardy allegation. In any event, the double jeopardy claim is without merit. North Carolina law authorizes separate convictions for the simultaneous attempted armed robbery of two individuals in circumstances legally indistinguishable from those surrounding Perry's offenses. See Ashford v. Edwards, 780 F.2d 405, 406-07 (4th Cir.1985).
 
 
 12
 Perry's remaining claims are without merit and are affirmed for the reasons stated by the district court. Perry v. Rogers, C/A No. 86-704-D (M.D.N.C. July 6, 1988).
 
 
 13
 Accordingly, we grant a certificate of probable cause to appeal and affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.