**Waylon Dale NUNNERY, Petitioner,**

v.

**Franklin FREEMAN, et al., Respondents.**

No. 5:95–HC–227–BR.

United States District Court,
E.D. North Carolina,
Western Division.

June 3, 1996.

Waylon Dale Nunnery, Hinton, OK, Pro Se.

Clarence J. DelForge, III, Associate Attorney General, Raleigh, NC, for Franklin E. Freeman, Jr., Atty. Gen. of N.C.

*ORDER*

BRITT, District Judge.

This case is before the court on the parties' objections to the Magistrate Judge's Memo-

randum and Recommendation and petitioner's motion to strike.

### I. *Background*

In proceedings in the Superior Court of Sampson County and pursuant to a plea agreement, Nunnery pled guilty to possession of burglary tools and being a habitual felon. During the plea proceedings, Nunnery was represented by counsel. Nunnery was sentenced to twenty-one years imprisonment.

On April 10, 1991, Nunnery filed a motion for appropriate relief in the Superior Court of Sampson County arguing, in part, that he received ineffective assistance of counsel because his attorney did not properly investigate or familiarize himself with the case. Nunnery's motion was denied. Nunnery then filed a petition for writ of certiorari seeking review by the North Carolina Court of Appeals of the trial court's order. The petition was denied.

On July 10, 1992, Nunnery filed a second motion for appropriate relief in the Superior Court of Sampson County arguing that his guilty plea was "unlawfully induced and not made voluntarily with understanding of the charge and consequences of the plea" and that he received ineffective assistance of counsel because his attorney "tricked" him into entering a guilty plea. Nunnery's motion was denied. The Superior Court stated, in part:

The Court finds that the defendant previously filed a Motion for Appropriate Relief dated April 10, 1991 in which he raised the issue of ineffective assistance of counsel. The court finds that the defendant at that time was in a position to adequately raise the ground and issue underlying the present Motion for Appropriate Relief, but did not do so. Further the Court finds that the issues underlying this Motion for Appropriate Relief was previously determined on the merits upon the previous Motion for Appropriate Relief in which the Court denied and dismissed said Motion for Appropriate Relief. For this reason the defendant's Motion is procedurally barred.

(Order dtd. 7/25/92.) Nunnery then filed a petition for writ of certiorari with the North Carolina Court of Appeals. His petition was denied. He then filed a petition for writ of certiorari with the North Carolina Supreme Court. This petition was also denied. Nunnery then petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In federal court, respondents moved for summary judgment arguing that Nunnery's assertion that his plea was involuntary is refuted by the plea transcript and that his claim of ineffective assistance is subject to a procedural bar.

In the Memorandum and Recommendation, Magistrate Judge Wallace W. Dixon recommended that respondents' motion be granted as to Nunnery's involuntary plea claim. It further recommended that the motion be denied as to Nunnery's claim of ineffective assistance of counsel, that the denial be with leave to renew following further briefing, and that the North Carolina Prisoner Legal Services be appointed as Nunnery's counsel for the purposes of briefing the issue of procedural bar and any necessary evidentiary hearing. Both parties filed objections to the Memorandum and Recommendation.

## II. *Standard of Review*

This court conducts a *de novo* review of those portions of the Memorandum and Recommendation to which objections have been made. 28 U.S.C.A. § 636(b)(1)(c) (1993) (providing for *de novo* determination of those portions of the proposed findings and recommendations to which objection is made).

## III. *Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The Fourth Circuit has articulated the summary judgment standard as follows:

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* [477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)]. In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2514. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* [498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991)]. The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* [477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986)]. The opposing party must demonstrate that a triable issue of fact exists; he may not rest on mere allegations or denials, *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A mere scintilla of evidence supporting the case is insufficient. *Id.*

*Patterson v. McLean Credit Union,* 39 F.3d 515, 518 (4th Cir.1994) (quoting *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994), —— U.S. ——, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994)).

## IV. *Discussion*

### A. *Involuntariness of Guilty Plea Claim*

Having conducted a *de novo* review, the court adopts the recommendation of Magistrate Judge Dixon regarding Nunnery's involuntariness claim.

### B. *Ineffective Assistance Claim*

Respondents argue that Nunnery's ineffective assistance claim is procedurally barred by N.C.Gen.Stat. § 15A–1419(a). Section 15A–1419 provides, in relevant part:

(a) The following are grounds for the denial for a motion for appropriate relief:

(1) Upon a previous motion made pursuant to this Article, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so. This subdivision does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of

the trial court to advise the defendant of such right....

N.C.Gen.Stat. § 15A–1419 (1988).

■ In *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the United States Supreme Court clarified the procedural bar rule. It stated: "This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729, 111 S.Ct. at 2553. It continued:

> We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.

*Id.* at 729–30, 111 S.Ct. at 2554. The bar applies "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750, 111 S.Ct. at 2565. Here, the Superior Court denied relief on the ineffective assistance claim on grounds of procedural bar [1] and Nunnery has made no attempt to show cause and prejudice or that failure to consider the claim will result in a miscarriage of justice.

■ Thus, what the court must determine in this case is whether the "right to counsel exception" in § 15A–1419(a) encompasses motions based on ineffective assistance of counsel. If it does, Nunnery's claim is not barred; if it does not, his claim is barred.

The parties have not cited, nor has the court found, any North Carolina cases interpreting the right to counsel exception in

§ 15A–1419(a). Without guidance from the North Carolina Supreme Court and without a procedural mechanism to obtain such guidance, the court must attempt to predict how North Carolina's highest court would rule on this issue.

In addition to the dearth of state law, there appear to be only two federal cases on point. The first is a district court decision from the Middle District of North Carolina. *Lawson v. Dixon,* No. C–88–738–S (M.D.N.C. Jan. 7, 1992), *aff'd on other grounds,* 3 F.3d 743 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1208, 127 L.Ed.2d 556 (1994). The second is an unpublished Fourth Circuit case. *Perry v. Rogers,* No. 88–7194, 1989 WL 42511 (4th Cir. Apr. 28, 1989).

In *Lawson,* Magistrate Judge Eliason addressed the application of § 15A–1419's procedural bar to defendant's ineffective assistance of counsel claims. In a Memorandum and Recommendation that was adopted by the district court, Magistrate Judge Eliason concluded:

> [T]he North Carolina Supreme Court would not interpret Section 1419(a)(1) as exempting claims of ineffective assistance of counsel.
>
> The official commentary to Section 1419(a)(1) does not make any mention of an effective assistance of counsel claim. Rather, it notes that the first exception is a "rather obvious one of deprivation of the right to counsel." Not having counsel at all is, in fact, a very serious matter. *Escobedo v. Illinois,* [378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964)]. An ineffective assistance of counsel claim is one of an entirely different nature and does not rise to the level of total denial of counsel. In contrast, the total deprivation of counsel is more like a claim of lack of jurisdiction which may not be waived. *See Hailey v. Dorsey,* 580 F.2d 112, 115 (4th Cir.1978), *cert. denied,* [440 U.S. 937, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979)].
>
> To read the statute as excepting ineffective assistance of counsel claims would ef-

---

**1.** Arguably, the Superior Court's order was ambiguous as to whether it denied both claims on ground of the procedural bar or whether it de-

nied only the ineffective assistance claim on this ground. In any event, respondents only assert the bar as to the ineffective assistance claim.

fectively frustrate the entire purpose of having a procedural default rule. Such claims can be legion and based on any matter in the trial whereas the denial of counsel *vel non* is usually a single, discrete act. A petitioner could litigate his conviction indefinitely.

*Lawson v. Dixon, supra* (Memorandum and Recommendation of U.S. Magistrate J. dtd. 11/19/91 at 22 n. 3.) The Magistrate Judge continued by distinguishing *Perry,* the other relevant federal case which held that the right to counsel exception in § 15A–1419 included claims of ineffective assistance. Regarding *Perry,* Magistrate Judge Eliason stated:

> The unpublished decision in *Perry v. Rogers, supra,* bases its conclusion on the fact that in another, unrelated circumstance, the North Carolina Supreme Court indicated that the right to counsel contemplates effective assistance of counsel. It is unlikely that the North Carolina Supreme Court would create such a large gap in its procedural default rule based on the application of a general principle. Therefore, it is concluded that Section 1419(a)(1) does not except petitioner's ineffective assistance of counsel claims from the procedural bar of Section 1419(a)(1).

*Id.* The North Carolina Supreme Court case cited in *Perry* is *State v. Vickers,* 306 N.C. 90, 291 S.E.2d 599, 602 (1982), *overruled on other grounds by State v. Barnes,* 333 N.C. 666, 430 S.E.2d 223 (1993). There, the North Carolina Supreme Court stated: "The right to counsel is guaranteed by the sixth amendment.... This constitutional right to counsel has long been recognized as an entitlement to the effective assistance of counsel." *Id.* at 93, 291 S.E.2d 599. This point has been reiterated by the North Carolina Supreme Court. *See e.g., State v. Braswell,* 312 N.C. 553, 324 S.E.2d 241, 247 (1985) ("A defendant's right to counsel includes the right to the effective assistance of counsel."); *State v. Moorman,* 320 N.C. 387, 358 S.E.2d 502, 509 (1987) (same) (citing *Braswell*); *State v. Hinson,* 341 N.C. 66, 459 S.E.2d 261, 268 (N.C.1995) (same) (quoting *Braswell*).

*Perry,* of course, is not binding precedent in this circuit. Moreover, like Magistrate Judge Eliason, the court is of the opinion that the law as stated by the North Carolina Supreme Court in *Vickers* and its progeny should not be imported into § 15A–1419(a). Those cases dealt with a defendant's right to counsel and to effective counsel under the Sixth Amendment. The Sixth Amendment, however, is not at issue here; what is at issue here is § 15A–1419(a). Significantly, the language of the Sixth Amendment is not the same as the right to counsel exception in § 15A–1419(a). The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall ... have the assistance of counsel for his defense." Section 15A–1419(a), by contrast, provides an exception for motions "based on deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right." Had the North Carolina Legislature wanted the statutory exception in § 15A–1419(a) to be interpreted with the same scope as the Sixth Amendment, it could have incorporated the Sixth Amendment's language into the statute. Instead, the Legislature chose to carve out only a very narrow exception pertaining to the denial of the right to counsel at trial.

For these reasons, the court finds that Nunnery's claim of ineffective assistance of counsel does not fall within the right to counsel exception to § 15A–1419 and that, therefore, Nunnery's ineffective assistance of counsel claim is procedurally barred. Accordingly, the court declines to adopt the recommendation of the Magistrate Judge on this issue.

Respondents' motion for summary judgment is GRANTED. Petitioner's motion to strike is DENIED and this case is DISMISSED.