CURTIS E. DIXON v. BRYCE A. STUART, ALEXANDER R. BEATY AND SAM H. OWEN INDIVIDUALLY AND IN THEIR CAPACITIES AS AGENTS OF THE CITY OF WINSTON SALEM, NORTH CAROLINA; AND THE CITY OF WINSTON SALEM, NORTH CAROLINA, A MUNICIPAL CORPORATION

No. 8621SC1197

(Filed 21 April 1987)

**Torts § 1; Trespass § 2— intentional infliction of emotional distress—claim sufficiently stated**

Plaintiff sufficiently stated a claim for intentional infliction of emotional distress where, although he did not allege specific acts, he alleged that the individual defendants ridiculed and harassed him in the workplace and that those acts were intended to and did cause plaintiff to suffer extreme emotional distress. If the individual defendants are found liable for intentional infliction of emotional distress, it cannot be said that it was beyond doubt that plaintiff could prove no set of facts that would entitle him to recover from their employer, defendant Winston-Salem. N.C.G.S. 1A-1, Rule 12(b)(6).

APPEAL by plaintiff from *Morgan, Judge.* Order entered 12 August 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 April 1987.

This is a civil action wherein plaintiff seeks compensatory and punitive damages for loss of employment opportunities, injured professional standing, emotional and physical illness resulting in permanent injury, and suffering of humiliation and embarrassment.

In his complaint, plaintiff alleged that he, as well as defendants Stuart, Beaty and Owen, were at all relevant times employed by the City of Winston-Salem. Plaintiff also alleged as follows:

5. Defendants Bryce A. Stuart, Alexander Beaty and Sam Owen . . . unlawfully agreed and conspired to intentionally hinder, obstruct, and injure plaintiff's career advancement with the City of Winston Salem and to induce the City of Winston Salem not to promote plaintiff by:

(a) placing and continuing plaintiff in job assignments outside of his training and expertise;

(b) denying plaintiff training benefits;

(c) denying plaintiff work opportunities;

(d) falsely lowering plaintiff's job performance evaluations;

(e) ridiculing plaintiff in the workplace;

(f) denying plaintiff office benefits afforded other employees;

(g) downgrading his job status;

(h) harassing plaintiff in the workplace as to deny him quiet enjoyment of the workplace;

(i) denying plaintiff access to the grievance process of the City of Winston Salem;

(j) in other respects to be shown at trial.

6. All of the foregoing acts occurred since the summer of 1983 and are part and parcel of ongoing conspiracy to deny plaintiff promotional opportunities and said acts have been willful, malicious, and with reckless disregard of plaintiff's contractual rights of employment and without justification.

7. As a direct result of the acts of the individual defendants, plaintiff has been denied employment opportunities; injured in his professional standing; suffered severe emotional and physical illness which has resulted in permanent injury, and has suffered humiliation and embarrassment in the workplace.

. . .

9. The acts of the individual defendants were extreme and outrageous conduct.

10. The acts of the individual defendants were intended to cause and did in fact cause plaintiff to suffer extreme emotional distress.

11. As a result of the acts of the individual defendants, plaintiff has suffered humiliation, embarrassment, loss of professional status, physical illness and severe mental distress, including loss of quiet enjoyment in the workplace.

Defendants moved that the action be dismissed pursuant to Rule of Civil Procedure 12(b)(6), on the ground that it fails to state

a claim upon which relief can be granted. The trial court granted the motion and thereby dismissed the action. Plaintiff appealed.

*W. Steven Allen for plaintiff, appellant.*

*Womble Carlyle Sandridge & Rice, by Anthony H. Brett, for defendants, appellees.*

HEDRICK, Chief Judge.

A complaint is deemed sufficient to withstand a motion to dismiss under Rule 12(b)(6) where no insurmountable bar to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim. Detailed fact pleading is not required. *Deitz v. Jackson*, 57 N.C. App. 275, 291 S.E. 2d 282 (1982). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Property Owners Assoc. v. Curran*, 55 N.C. App. 199, 284 S.E. 2d 752 (1981), *disc. rev. denied*, 305 N.C. 302, 291 S.E. 2d 151 (1982). In analyzing the sufficiency of the complaint, the complaint must be liberally construed. *Jones v. City of Greensboro*, 51 N.C. App. 571, 277 S.E. 2d 562 (1981).

In the present plaintiff's complaint, he alleges that defendants Stuart, Beaty and Owen "ridicul[ed]" and "harass[ed]" him in the workplace, that the acts of these defendants "were intended to cause and did in fact cause plaintiff to suffer extreme emotional distress." We cannot say that it appears beyond doubt that plaintiff can prove no set of facts in support of these allegations which would entitle him to relief from these defendants for intentional infliction of emotional distress. Extreme and outrageous ridiculing and harassing has been grounds for recovery under this tort before. *See, e.g., Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E. 2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 140 (1986); *Woodruff v. Miller*, 64 N.C. App. 364, 307 S.E. 2d 176 (1983). Although in the present plaintiff's complaint the specific acts constituting the ridicule and harassment were not alleged, such specificity is not required where, as here, the complaint is sufficient to apprise the defendant of what the claim is and what events produced it. *See Deitz v. Jackson*, 57 N.C. App. 275, 291 S.E. 2d 282 (1982).

If defendants Stuart, Beaty and Owen are found liable for intentional infliction of emotional distress, we cannot say that it appears beyond doubt that plaintiff can prove no set of facts that would then entitle him to recover from their employer, defendant Winston-Salem. In *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E. 2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 140 (1986) this Court held that there was a jury question as to whether the plaintiff could recover for intentional infliction of emotional distress from the employer of the person who was allegedly harassing her, under the doctrine of respondeat superior.

Plaintiff's complaint in the present case discloses no insurmountable bar to recovery under the tort of intentional infliction of emotional distress, and it gives defendants adequate notice of the nature and extent of a legally recognized claim. Therefore, dismissal of plaintiff's claim was improper.

We need not and do not reach the question of whether it is possible for plaintiff to prove facts which would entitle him to relief under any tort other than intentional infliction of emotional distress.

Reversed.

Judges EAGLES and PARKER concur.