TELEPHONE SERVICES, INC. v. GENERAL TELEPHONE COMPANY OF THE SOUTH

No. 8814SC339

(Filed 15 November 1988)

**Unfair Competition § 1— telephone company—refusal to deal with competitor— 12(b)(6) dismissal improper**

    The trial court properly granted defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of plaintiff's claim for unfair trade practices based upon defendant's refusal to deal with plaintiff as a labor service contractor merely because plaintiff is defendant's competitor in the customer premise equipment market, thereby allegedly unfairly using its monopoly status as a public utility to attempt to force plaintiff to abandon either its labor service opportunities or its customer premise sales market. Defendant is not a regulated utility in either the market in which the parties compete, customer premise sales, or the areas of service plaintiff wishes to provide for defendant, installation and repair services.

APPEAL by plaintiff from *Stephens (Donald W.), Judge*. Order entered 22 January 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 4 October 1988.

Plaintiff's complaint alleged an unfair trade practice by defendant in violation of G.S. 75-1.1. The trial court concluded that plaintiff's complaint failed to state a claim upon which relief could be granted and allowed defendant's motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). Plaintiff appeals.

*Mount White Hutson & Carden, P.A., by James H. Hughes and Graham H. Kidner, for plaintiff-appellant.*

*Faison & Brown, by O. William Faison and A. Vann Irvin, for defendant-appellee.*

SMITH, Judge.

In its complaint plaintiff Telephone Services, Inc. alleges that it is a Florida corporation doing business in North Carolina providing telephone services including installation and repair service, installation of central office equipment and sale of customer premise equipment. Defendant General Telephone Company of the South, a telecommunications common carrier with a service franchise regulated by the North Carolina Utilities Commission, also leases and sells customer premise equipment. Defendant contracts for installation and repair service from independent contractors. The complaint alleges that plaintiff provided installation and repair services to defendant's corporate predecessor from October 1971 to September 1982 and that plaintiff provided no installation and repair services to anyone from October 1982 to September 1984. Defendant notified plaintiff on 30 June 1983 that it was removing plaintiff from defendant's list of labor contractors for installation and repair services. Defendant's letter stated in part: "In an effort to reduce administrative functions, those firms that have not performed a significant amount of work in the last year are being removed from the active file and placed in the inactive file." During 1984 and 1985, plaintiff's requests for reinstatement as an active contract service provider were denied. On 23 August 1985, defendant's General Service Director, in answer to a request on plaintiff's behalf that plaintiff be reinstated as an active contract service provider, wrote:

> In reviewing your company, it has been brought to my attention that you are actively involved in the marketing, installation, and maintenance of telephone terminal equipment. As you know, we are actively engaged in the same business. We do not believe it is in our best interest to subsidize our direct competitors.

In its complaint, plaintiff alleged that the effect of not allowing it to provide installation and repair services has been to eliminate plaintiff from defendant's labor market and thereby increase the cost of telephone service to the consumer. Plaintiff claims lost revenues of $1,668,777.05 resulting in lost profits in excess of $10,000.00 and requests reinstatement as a contract service provider and monetary damages.

The trial court granted defendant's motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). Plaintiff appeals assigning error to the trial court's conclusion that it failed to state a claim upon which relief could be granted. Defendant assigns error to the trial court's determinations that the complaint was timely filed within the period of the applicable statute of limitations and that plaintiff had pled special damages with sufficient specificity. We hold that plaintiff has failed to state a claim for relief under G.S. 75-1.1 and affirm the trial court's order. In light of this holding, it is unnecessary to address defendant's cross-assignments of error.

The issue on appeal is whether the trial court properly granted defendant's motion to dismiss. A complaint is sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted if no insurmountable bar to recovery appears from the face of the complaint and the allegations give notice of the nature of the claim. *Dixon v. Stuart*, 85 N.C. App. 338, 354 S.E. 2d 757 (1987). In determining whether the complaint is sufficient, the factual allegations of the complaint must be viewed as admitted, *State of Tennessee v. Environmental Management Comm.*, 78 N.C. App. 763, 338 S.E. 2d 781 (1986), and must be liberally construed. *Dixon v. Stuart, supra.* "A legal insufficiency may be due to an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim or the disclosure of some fact which will necessarily defeat the claim." *State of Tennessee v. Environmental Management Comm.*, 78 N.C. App. at 765, 338 S.E. 2d at 782.

G.S. 75-1.1 makes unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Johnson v. Insurance Co.*, 300 N.C. 247, 263, 266 S.E. 2d 610, 621 (1980). "Practices are deceptive which have the capacity or tendency to deceive; proof of actual deception is not required." *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 686, 340 S.E. 2d 755, 760, *cert. denied*, 317 N.C. 333, 346 S.E. 2d 137 (1986). Whether an act or practice is unfair or deceptive in violation of G.S. 75-1.1 is a question of law for the court. *Dull v. Mut. of Omaha Ins. Co.*, 85 N.C. App. 310, 354 S.E. 2d 752, *disc. rev. denied*, 320 N.C. 512, 358 S.E. 2d 518 (1987).

Plaintiff claims that defendant's refusal to reinstate plaintiff to the list of labor service contractors is an unfair trade practice in violation of G.S. 75-1.1. The complaint alleges that defendant refused to deal with plaintiff merely because plaintiff is defendant's competitor in the customer premise equipment market. Plaintiff contends that defendant's monopoly status as a public utility gives defendant power and position in the franchised area and that defendant's name recognition and marketing and sales offices give defendant a significant competitive advantage. Thus, plaintiff reasons, defendant is unfairly using its position of power by attempting to force plaintiff to abandon either its labor service opportunities or its customer premise equipment sales market. We disagree.

"In the absence of conspiracy or monopoly, one may deal with whom he pleases." *Records v. Tape Corp.*, 19 N.C. App. 207, 214, 198 S.E. 2d 452, 457 (1973). This principle is based on *United States v. Colgate & Co.*, 250 U.S. 300, 63 L.Ed. 992, 39 S.Ct. 465 (1919), in which the Supreme Court held that "[i]n the absence of any purpose to create or maintain a monopoly, the [Sherman Act] does not restrict the long recognized right of trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal." *Id.* at 307, 63 L.Ed. at 997, 39 S.Ct. at 468. Plaintiff contends the *Colgate* rule is inapplicable to the facts of this case as defendant is not an entirely private business but is a regulated utility. However, defendant is not a regulated utility in either the market in which the parties compete, customer premise equipment sales, or the areas of service plaintiff wishes to provide for defendant, installation and repair services. Thus, defendant's election not to use plaintiff to perform its installation and repair service is not an unfair assertion of any power or position defendant might enjoy as a regulated utility. We hold that it is not unfair for defendant to refuse to employ its competitor. Plaintiff also contends the *Colgate* rule does not apply as the purposes of the Sherman Act and Chapter 75 are different. Plaintiff cites *Rose v. Materials Co.*, 282 N.C. 643, 194 S.E. 2d 521 (1973); *ITCO Corp. v. Michelin Tire Corp., Com. Div.*, 722 F. 2d 42 (4th Cir. 1983), *cert. denied*, 469 U.S. 1215, 84 L.Ed. 2d 337, 105 S.Ct. 1191 (1985); and *Bostick Oil Co. v. Michelin Tire Corp., Com. Div.*, 702 F. 2d 1207 (4th Cir. 1983), *cert. denied*, 464 U.S. 894, 78 L.Ed. 2d 232, 104

S.Ct. 242 (1983), to demonstrate that the state statute has been read broadly to prohibit unfair trade practices, including anticompetitive practices, not prohibited by Federal Law. Even accepting plaintiff's interpretation of the North Carolina statute as correct, we hold that it is not an unfair trade practice for defendant to refuse to employ its competitor under the facts as alleged in this case.

Affirmed.

Judges ORR and GREENE concur.