**Brenda PATTERSON, Plaintiff,**

v.

**McLEAN CREDIT UNION, Defendant.**

**No. C–84–73–WS.**

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

Jan. 24, 1990.

Eugene Anderson, Rockville, Md., for plaintiffs.

Kenneth Meltzer, Eccleston & Wolf, Baltimore, Md., for defendant.

Harold L. Kennedy, III of Kennedy, Kennedy, Kennedy & Kennedy, Winston–Salem, N.C., for plaintiff.

George E. Doughton, Jr., H. Lee Davis, Jr. and Thomas J. Doughton of Hutchins, Tyndall, Doughton & Moore, Winston–Salem, N.C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Senior District Judge.

This matter comes before the Court on motion of plaintiff under Rule 60(b)(6), Fed. R.Civ.P., to set aside and reopen the judgment of this Court of November 14, 1985, dismissing plaintiff's pendant state claim of intentional infliction of emotional distress. Having carefully considered the briefs filed in support of and in opposition to plaintiff's motion, as well as the trial transcript and the record generated in this case, the Court will deny plaintiff's motion to reopen the judgment.

■ Rule 60(b) provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding ... for ... (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b), Federal Rules of Civil Procedure. Plaintiff contends to the Court that a change in state decisional law after entry of judgment justifies relief from judgment pursuant to Rule 60(b).[1] Plaintiff further asserts that two recent North Carolina Court of Appeals cases, *Dixon v. Stuart,* 85 N.C.App. 338, 354 S.E.2d 757 (1987), and *Brown v. Burlington Industries,* 93 N.C. App. 431, 378 S.E.2d 232 (1989), have in fact changed the law of North Carolina regarding intentional infliction of emotional distress. Accepting at face value plaintiff's premise that a change in decisional law merits relief from judgment under Rule 60(b)(6), the Court determines that the two cases cited by plaintiff do not constitute any change in North Carolina case law and hence, do not militate in favor of granting relief from the Court's judgment in this case.

The claim of intentional infliction of emotional distress exists "when a defendant's conduct exceeds all bounds usually tolerated by decent society and the conduct causes mental distress of a very serious kind." *Stanback v. Stanback,* 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979) (citations omitted). The elements of the tort which must be shown to make out a *prima facie* case are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." *Brown,* 93 N.C.App. at 434, 378 S.E.2d at 234 (quoting *Hogan v. Forsyth Country Club,* 79 N.C.App. 483, 340 S.E.2d 116, *disc. rev. denied,* 317 N.C. 334, 346 S.E.2d 140 (1986). "It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous as to permit recovery." *Hogan,* 79 N.C.App at 491, 340 S.E.2d at 121.

This Court, at the close of plaintiff's evidence, dismissed plaintiff's claim of intentional infliction of emotional distress.[2]

---

**1.** "It has been said that a change in law is not enough to permit reopening a judgment under Rule 60(b)(6). Generally, that should be true, but this is not an inexorable rule, as indeed the Supreme Court has recognized." Wright & Miller, Federal Practice and Procedure: Civil § 2864 (Supp.1988). (citing *Polites v. U.S.,* 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960), *Pierce v. Cook & Co.,* 518 F.2d 720 (10th Cir. 1975). Assuming *arguendo* that a motion to reopen a judgment based on the grounds of a subsequent change in state decisional law may properly be made under Rule 60(b), the Court will proceed to address the merits of plaintiff's motion.

**2.** It should be noted regarding the element of discriminatory intent required to be shown in plaintiff's companion claim under § 1981 that the Court allowed plaintiff full opportunity to present evidence of her alleged racial harassment and also allowed defendant to present

The Court, in ruling from the bench, determined that plaintiff had not made out a *prima facie* case because the evidence which she presented did not rise to the level of outrageousness as involved in the cases of *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981), and *Woodruff v. Miller*, 64 N.C.App. 364, 307 S.E.2d 176 (1983).[3] *See Brenda Patterson v. McLean Credit Union*, C–84–73–WS, Transcript of Trial, 3–74, *et seq.*

 Plaintiff now argues that the case of *Dixon v. Stuart, supra*, subsequently decided by the North Carolina Court of Appeals, has changed the law upon which this Court relied in dismissing plaintiff's claim. Plaintiff asserts that *Dixon* recognized a claim for intentional infliction of emotional distress where defendants simply ridiculed and harassed plaintiff in the workplace, intending to cause and actually causing emotional distress. Contrary to plaintiff's assertions, however, *Dixon* did not lower the standard for making a *prima facie* case. The court in *Dixon* only addressed whether the trial court properly granted the defendant's Rule 12(b)(6) motion opposing plaintiff's infliction of emotional distress claim. The *Dixon* court did not consider whether plaintiff's evidence of intentional infliction of emotional distress rose to that level of conduct sufficient to support a claim or withstand a motion for directed verdict. Because the standards for granting a 12(b)(6) motion and a directed verdict motion are different, *Dixon* does not change the law regarding the propriety of a directed verdict on an emotional distress claim, and hence, will not affect this Court's ruling on the directed verdict motion.

Plaintiff further asserts that *Brown v. Burlington Industries Inc., supra*, has changed the law relevant to the granting of a directed verdict on an emotional distress claim. The Court concludes that it has not. The facts presented in *Brown* are nearly identical to those of *Hogan, supra*, which held, in the context of a motion for summary judgment, that plaintiff's forecast of evidence was sufficiently outrageous to meet the requirements enunciated in *Dickens*. *Hogan*, 79 N.C.App. at 490, 340 S.E.2d at 121. This Court, directing the verdict against plaintiff, also considered *Dickens* in determining that plaintiff's evidence did not rise to the requisite level of outrageousness. In the subsequent case of *Brown*, the court, holding simply that defendant's actions "were substantially similar to those" of the defendant in *Hogan*, did not indicate a retreat from the level of outrageousness required by *Dickens* and reiterated by *Hogan*. *Brown*, 93 N.C.App. at 435, 378 S.E.2d at 235. The law applied by this Court in directing the verdict against plaintiff remains unchanged.

Further, as a basic premise, an opinion of the North Carolina Court of Appeals will not alter decisional law previously enunciated by the North Carolina Supreme Court. Accordingly, finding no change in the law to justify relief from the verdict directed against plaintiff on her claim of intentional infliction of emotional distress, the Court will deny plaintiff's rule 60(b) motion.

IT IS, THEREFORE, ORDERED that plaintiff's motion to set aside and reopen the judgment of this Court of November 14, 1985 dismissing plaintiff's claim of intentional infliction of emotional distress be, and the same hereby is, DENIED.

---

**3.** This Court's dismissal of plaintiff's claim of intentional infliction of emotional distress was affirmed by the Fourth Circuit Court of Appeals, *Patterson v. McLean Credit Union*, 805 F.2d 1143 (4th Cir.1986), and left undisturbed by the Supreme Court. *Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

evidence to rebut her allegations of harassment. At the close of plaintiff's evidence, the Court directed verdict against plaintiff on her state claim of intentional infliction of emotional distress. The verdict adverse to plaintiff on her § 1981 claim indicates that her evidence, as it related to the harassment claim as well, did not ring true to the jury.