BOBBY G. COGGINS, Plaintiff v. TRESSIE VONHANDSCHUH, Defendant

No. COA95-1341

(Filed 5 November 1996)

**Divorce and Separation § 155 (NCI4th)— marital property— order to purchase spouse's interest—repairs required for mortgage**

The trial court did not err by allowing defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12 (b)(6) in an action to require defendant to pay one-half of the cost of repairs to marital property where a prior district court order had given plaintiff fourteen days to purchase defendant's one-half interest or vacate the home, plaintiff elected to purchase the home, and repairs were required for the mortgage loan. There is no indication in the

record that both parties discussed or even assumed that there were any major structural defects which would require repairs; as there was no intent on behalf of the parties to share in any repairs, defendant did not have an obligation to share in payment for the repairs and was not obligated to reduce the court ordered rental for the period of time allegedly required for repairs; and there was no provision in the final judgment regarding repairs, no requirement that plaintiff secure a loan as a condition to his purchasing defendant's one-half interest, and no requirement that the property was to be used as collateral.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

**Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. 15 ALR4th 224.**

Appeal by plaintiff from order entered 21 August 1995 by Judge H. William Constangy in Mecklenburg County District Court. Heard in the Court of Appeals 11 September 1996.

*Bobby G. Coggins, plaintiff-appellant, pro se.*

*James H. Wade for defendant-appellee.*

JOHNSON, Judge.

Plaintiff and defendant were married on 31 August 1968 and owned certain parcels of property—pertinent to this action, the parcel located at 2901 Park Road, Charlotte, North Carolina. During the years of the marriage, from 1968 until the date of separation, 25 November 1989, this property was used exclusively as rental property.

The divorce of the parties on 31 December 1990 terminated the tenancy by the entirety and created a tenancy in common for the property at 2901 Park Road, free and clear of all encumbrances, and with neither party having sole possession of said property. Both parties stipulated that the property was valued at $114,205.00, and both parties assumed that there were no major structural defects which would impair an orderly transfer of title subsequent to the impending equitable distribution order.

A final equitable distribution order was rendered by Judge William G. Jones on 14 May 1993, and a revised order entered on 3

June 1994. From this action, a Rule 60 motion was made by plaintiff and the motion was consequently denied. As stated in the equitable distribution order, a partition by sale was ordered on the property at 2901 Park Road, giving plaintiff the option of selling the entire property for $125,000.00 and the net proceeds therefrom with the cost of selling to be divided equally with defendant. In the alternative, plaintiff could purchase defendant's one-half (1/2) interest in the property for $57,102.50, and pay defendant the sum of $300.00 per month from December 1993 until the date of closing, a share of the ad valorem taxes and one-half (1/2) of the home insurance up to the closing date from the 14 of December 1993. The court gave plaintiff fourteen (14) days to decide. Further, the final judgment provided that in the event plaintiff elected not to purchase the one-half (1/2) interest of defendant, then he was ordered either (a) to move from said house within a fourteen (14) day period, or (b) remain therein and pay as rental to defendant the sum of $300.00 per month so long as he remained in the house prior to its sale, together with the obligation on the part of plaintiff to pay all utilities, upkeep and expenses, and one-half (1/2) of the amount of taxes and insurance.

On 16 January 1994, plaintiff filed a motion to set aside judgment pursuant to Rule 60, but did not appeal the entry of the final judgment. The district court denied the relief sought by plaintiff as to the final judgment, found that plaintiff still remained in possession of the house on Park Road and that plaintiff did not elect within the fourteen (14) days following the filing of the final judgment to purchase the one-half (1/2) interest in the property by paying defendant $57,102.50. Pursuant to the order, plaintiff was ordered to pay defendant $300.00 per month for the length of time he remained in possession of the house, and to pay a pro rata share of the ad valorem taxes owed on the property for the year 1994 to the date that he vacated the property. Further, the order gave plaintiff fourteen (14) days from the filing to elect to purchase defendant's one-half (1/2) interest or to vacate the home. Plaintiff appealed the entry of this order and in an unpublished opinion, this Court affirmed the district court's refusal to grant plaintiff relief pursuant to Rule 60. *Coggins v. Coggins*, 120 N.C. App. 642, —— S.E.2d —— (1995) (unpublished).

Plaintiff, within the time specified, elected to purchase defendant's one-half (1/2) interest in the property for $57,102.50, contingent, according to plaintiff, upon obtaining a loan in the amount necessary to complete the court ordered sale. On 3 June 1994, plaintiff applied for a mortgage loan from the State Employees' Credit Union pledging

COGGINS v. VONHANDSCHUH

[124 N.C. App. 405 (1996)]

the property at 2901 Park Road as collateral. The closing was scheduled for 29 June 1994 at 12:00 p.m. in the law office of Carnegie and Miller, plaintiff's attorney for the closing.

The lending institution's mandated Uniform Residential Appraisal was conducted on the property by P & S Realty Services and the report filed on 11 June 1994 stated that the roof needed to be replaced on the house and garage due to water leaks which were found. A mandated termite inspection was conducted on the property by Collier-Ray Company on 23 June 1994 and damage was discovered in the floor area of the kitchen.

The State Employees' Credit Union informed plaintiff's attorney that the loan on the property could not be approved until the structural damage to the property had been repaired and the property brought up to code. A letter from the credit union to this effect was submitted to plaintiff upon his request. The closing scheduled for 29 June 1994 had to be postponed until such repairs were made.

Plaintiff, through his attorney, requested that defendant reimburse him for fifty percent (50%) of the cost to repair their property. Defendant, through her attorney, refused. Plaintiff, having no personal funds available, was required to secure a personal loan from the credit union to pay for the necessary repairs. After the closing on 4 August 1994, plaintiff, in compliance with the court order, gave defendant $57,102.50 in cash. Additionally, plaintiff paid defendant rent monies in the amount of $2,100.00 which represented rent ordered paid for the seven months from 14 December 1993 through 4 August 1994. Subsequent to the closing, plaintiff again requested defendant to reimburse him fifty percent (50%) for the repairs to the property, and again, defendant refused. On 10 March 1995, plaintiff filed a complaint against defendant to recover one-half (1/2) of the expenses incurred. Defendant alleges that there was no requirement in the judgment that she share in any repair of the house, nor was there any requirement that plaintiff secure a loan to make the purchase. Finally, the HUD-1 Settlement Statement, as signed by plaintiff and defendant represented the final appraisal and settlement of all disbursements relating to plaintiff's purchase of the property. In that statement, plaintiff consented to his liability for the full amount of the repair cost. The case was assigned to arbitration.

Defendant filed a motion to dismiss plaintiff's complaint based on the fact that the complaint failed to state a claim upon which relief

can be granted. The trial court granted defendant's motion to dismiss. Plaintiff appeals.

Plaintiff argues that the trial court abused its discretion in allowing defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We disagree.

Dismissal pursuant to a Rule 12(b)(6) motion is appropriate where the complaint if liberally construed, fails to state a claim upon which relief can be granted under any legal theory. *Dixon v. Stuart,* 85 N.C. App. 338, 354 S.E.2d 757 (1987). "The question for the court [on a motion to dismiss] is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB,* 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987).

Plaintiff argues that defendant is responsible for one-half (1/2) the costs of repairs to the property relating to the rights and obligations of co-tenants with respect to the joint ownership of the property; however, the issue to be decided in this action is based on the equitable distribution proceeding—more specifically, the final judgment entered on 13 December 1994.

Pursuant to the final judgment, plaintiff opted to purchase the property for $57,102.50. Contrary to the assertion made by plaintiff, there is no indication in the record that both parties discussed or even assumed that there were any major structural defects which would require repairs. Therefore, as there was no intent on behalf of the parties to share in any repairs, defendant did not have an obligation to share in payment for the repairs, nor was she obligated to reduce the court ordered rental for the period of time allegedly required for repairs. In fact, the unambiguous language of the final judgment gave plaintiff the option of selling the property or in the alternative, to purchase defendant's one-half (1/2) interest in the property himself. There was no provision in the judgment regarding repairs, nor any requirement that plaintiff secure a loan as a condition to his purchasing defendant's one-half (1/2) interest in the property, nor was there any requirement that said property was to be used as collateral in obtaining a loan. Thus, the complaint on its face failed to show sufficient facts to make out a claim upon which relief could be granted. *Garvin v. City of Fayetteville,* 102 N.C. App. 121, 401 S.E.2d 133 (1991).

For the reasons stated herein, the decision of the trial court is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.