CALABRIA, Judge.
 

 *72
 
 Nicholas A. Riddle ("plaintiff") appeals from the trial court's order dismissing his action pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2015). Plaintiff alleged negligent infliction of emotional distress claims against the Buncombe County Board of Education ("BCBE"); James Beatty ("Beatty"), individually and in his official capacity with the BCBE; and Roderick Brown, Jr. ("Brown"), individually and in his official capacity with the BCBE (collectively, "defendants"). On appeal, the
 
 *73
 
 issue is whether it was reasonably foreseeable that plaintiff would suffer severe emotional distress as a proximate result of defendants' allegedly negligent acts, which led to the death of plaintiff's teammate and friend, Donald Boyer Crotty ("Crotty"). After careful review, we hold that plaintiff's injury was not reasonably foreseeable. Therefore, we affirm the trial court's order dismissing plaintiff's action.
 

 I. Background
 

 As plaintiff's claims were dismissed pretrial pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), "the facts set forth herein are taken from the allegations of the complaint, which must be taken as true at this point."
 
 Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.
 
 ,
 
 327 N.C. 283
 
 , 286,
 
 395 S.E.2d 85
 
 , 87,
 
 reh'g denied
 
 ,
 
 327 N.C. 644
 
 ,
 
 399 S.E.2d 133
 
 (1990).
 

 In July 2011, Beatty was a teacher and the varsity football coach at T.C. Roberson High School ("T.C. Roberson") in Buncombe County, North Carolina. Plaintiff and Brown were members of the football team. T.C. Roberson football players had access to various equipment, including a John Deere motorized vehicle ("the John Deere") that was routinely used to move items during and after practice. Beatty authorized the team's use of the John Deere, notwithstanding the fact that all players were minors and that none of BCBE's representatives had ever trained or instructed them regarding the vehicle's safe operation.
 

 According to the complaint, on 11 July 2011, plaintiff, Brown, and other members of the team were scrimmaging and participating in drills on the T.C. Roberson football field. Beatty instructed Brown to use the John Deere to transport large Gatorade coolers across the field from an area near the 50-yard line. Brown, traveling at an unsafe and excessive rate of speed, drove the John Deere across the field as plaintiff, Crotty, and several players walked toward him. When they realized that Brown was driving directly at them, the players moved to avoid the John Deere. However, Brown simultaneously turned the steering wheel to the right and collided with Crotty, entrapping him with the front hood of the vehicle. Crotty's head struck the asphalt running track, and the John Deere's right tires traveled over his body and head. Crotty immediately displayed signs of brain injury and was only partially responsive as witnesses tended to him.
 

 On 11 February 2016, plaintiff filed the instant action in Buncombe County Superior Court.
 
 [1]
 
 Plaintiff alleged,
 
 inter alia
 
 , that Beatty and
 
 *74
 
 Brown committed negligent acts that proximately and foreseeably caused plaintiff to suffer severe emotional distress, and that all defendants were jointly and severally liable for plaintiff's injury.
 
 [2]
 
 On 1 April 2016, defendants filed an answer denying negligence and asserting various affirmative defenses. Defendants' answer also included a motion to dismiss for failure to state a claim upon which relief could be granted, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Following a hearing, the trial court granted
 
 *760
 
 defendants' motion to dismiss. Plaintiff appeals.
 

 II. Analysis
 

 Plaintiff argues that the trial court erroneously granted defendants' motion to dismiss because he sufficiently alleged claims for negligent infliction of emotional distress arising out of concern for (1) himself and (2) his teammate and friend, Crotty. We disagree.
 

 A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted."
 
 Stanback v. Stanback
 
 ,
 
 297 N.C. 181
 
 , 185,
 
 254 S.E.2d 611
 
 , 615 (1979) (citations omitted). On appeal, "[t]his Court must conduct a
 
 de novo
 
 review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 
 Leary v. N.C. Forest Prods., Inc.
 
 ,
 
 157 N.C. App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4,
 
 aff'd per curiam
 
 ,
 
 357 N.C. 567
 
 ,
 
 597 S.E.2d 673
 
 (2003).
 

 "An action for the negligent infliction of emotional distress may arise from a concern for one's own welfare, or concern for another's."
 
 Robblee v. Budd Servs., Inc.
 
 ,
 
 136 N.C. App. 793
 
 , 795,
 
 525 S.E.2d 847
 
 , 849,
 
 disc. review denied
 
 ,
 
 352 N.C. 676
 
 ,
 
 545 S.E.2d 228
 
 (2000). To state a claim for negligent infliction of emotional distress, the plaintiff must allege that: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress, and (3) the conduct did in fact cause the plaintiff severe emotional distress."
 
 Sorrells v. M.Y.B. Hosp. Ventures of Asheville
 
 ,
 
 334 N.C. 669
 
 , 672,
 
 435 S.E.2d 320
 
 , 321-22 (1993) (citation and internal ellipsis omitted).
 

 The term "severe emotional distress" means "an emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression,
 
 *75
 
 phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so."
 
 Id.
 
 at 672,
 
 435 S.E.2d at 322
 
 . While no physical injury is required,
 
 Ruark
 
 , 327 N.C. at 304,
 
 395 S.E.2d at 97
 
 , North Carolina courts have consistently reiterated that the plaintiff's emotional distress must be
 
 severe
 
 in order to recover under this tort.
 
 See
 
 id.
 

 (explaining that "mere temporary fright, disappointment or regret will not suffice");
 
 see also
 

 Pierce v. Atl. Grp., Inc.
 
 ,
 
 219 N.C. App. 19
 
 , 32,
 
 724 S.E.2d 568
 
 , 577 (affirming the trial court's 12(b)(6) dismissal of the plaintiff's claim where the sole allegation of emotional distress was "serious on and off the job stress, severely affecting his relationship with his wife and family members"),
 
 disc. review denied
 
 ,
 
 366 N.C. 235
 
 ,
 
 731 S.E.2d 413
 
 (2012).
 

 Moreover, absent reasonable foreseeability, the defendant will not be liable for the plaintiff's severe emotional distress.
 
 See
 

 Gardner v. Gardner
 
 ,
 
 334 N.C. 662
 
 , 667,
 
 435 S.E.2d 324
 
 , 328 (1993) (stating that "[p]art of living involves some unhappy and disagreeable emotions with which we must cope without recovery of damages"). Accordingly, where the defendant's conduct would not cause injury to a person of normal sensitivity, "proof of knowledge by the defendant of the plaintiff's peculiar susceptibility to emotional distress is required ...."
 
 Wrenn v. Byrd
 
 ,
 
 120 N.C. App. 761
 
 , 767,
 
 464 S.E.2d 89
 
 , 93 (1995) (construing
 
 Gardner
 
 , 334 N.C. at 667, 435 S.E.2d at 328 (additional citations omitted)),
 
 disc. review denied
 
 ,
 
 342 N.C. 666
 
 ,
 
 467 S.E.2d 738
 
 (1996).
 

 "Questions of foreseeability and proximate cause must be determined under all the facts presented, and should be resolved on a case-by-case basis by the trial court and, where appropriate, by a jury."
 
 Ruark
 
 , 327 N.C. at 305,
 
 395 S.E.2d at 98
 
 . "[T]he trial judge is required to dismiss the claim as a matter of law upon a determination that the injury is too remote."
 
 Wrenn
 
 ,
 
 120 N.C. App. at 765
 
 ,
 
 464 S.E.2d at 92
 
 . In actions arising from concern for another's welfare-frequently called "bystander claims"-factors bearing on foreseeability include "the plaintiff's proximity to the negligent act, the relationship between the plaintiff and the other person for whose welfare
 
 *761
 
 the plaintiff is concerned, and whether the plaintiff personally observed the negligent act."
 
 Ruark
 
 , 327 N.C. at 305,
 
 395 S.E.2d at 98
 
 . However, these are not "mechanistic requirements," and "[t]he presence or absence of such factors simply is not determinative in all cases."
 
 Sorrells
 
 , 334 N.C. at 672, 435 S.E.2d at 322.
 

 Here, as in many negligent infliction of emotional distress cases, the dispositive issue is foreseeability. At the hearing on 9 May 2016, the trial court granted defendants' motion to dismiss after finding no "reasonable foreseeability ... that would lead to the plaintiff's alleged severe
 
 *76
 
 emotional distress." The following paragraphs of plaintiff's complaint address the foreseeability of his injury:
 

 25. As Defendant Brown approached the players who were walking and then struck Donald Crotty, Plaintiff Nicholas A. Riddle narrowly avoided being struck by the John Deere while still in close proximity to Donald Crotty, and experienced fear, terror and severe emotional distress for his own safety and the safety of the other football players.
 

 ...
 

 27. Plaintiff witnessed the injuries to Crotty from being struck by [the] John Deere vehicle, experienced severe emotional distress at that time, and the Plaintiff has in fact since continued to suffer since the event from the type of severe emotional distress recognized and diagnosed by professionals trained to do so, and has required care, treatment, therapy and medications from medical and mental healthcare providers as a proximate result thereof.
 

 28. Plaintiff and Donald Crotty were both personally known to Defendants Beatty and Brown as fellow teammates and friends; Plaintiff was physically present in the immediately [sic] vicinity of, and contemporaneously observed, Defendants' negligent acts and the resulting injuries to Donald Crotty; and, Defendants Beatty and Brown knew or reasonably should have foreseen that their negligence and resulting injury to Donald Crotty would cause ... the severe emotional distress suffered by Plaintiff Nicholas A. Riddle, and that Plaintiff would be susceptible thereto.
 

 Taking these allegations as true, we first address plaintiff's claim arising from concern for himself. The sole allegation that could arguably support such a claim is in paragraph 25, in which plaintiff states he "narrowly avoided being struck by the John Deere while still in close proximity to Donald Crotty, and experienced fear, terror and severe emotional distress for his own safety ...." However, allegations of "temporary fright" are insufficient to satisfy the element of severe emotional distress.
 
 Ruark
 
 , 327 N.C. at 304,
 
 395 S.E.2d at 97
 
 . While plaintiff avers in paragraph 27 that he "has in fact since continued to suffer since the event from the type of severe emotional distress recognized and diagnosed by professionals trained to do so," the remainder of the paragraph's allegations clearly pertain to his distress at "witness[ing]
 

 *77
 
 the injuries to Crotty," i.e. plaintiff's "concern for another." Accordingly, plaintiff's claim arising from concern for himself fails as a matter of law.
 

 We next address plaintiff's claim arising out of concern for his teammate and friend, Crotty. As plaintiff acknowledges, this appears to be a "case of first impression" in North Carolina's bystander claim jurisprudence, as our prior cases have all involved close familial relationships.
 
 See, e.g.
 
 ,
 
 Andersen v. Baccus
 
 ,
 
 335 N.C. 526
 
 ,
 
 439 S.E.2d 136
 
 (1994) (husband-wife and parent-child);
 
 Sorrells v. M.Y.B. Hosp. Ventures of Asheville
 
 ,
 
 334 N.C. 669
 
 ,
 
 435 S.E.2d 320
 
 (1993) (parent-child);
 
 Gardner v.
 

 Gardner
 
 ,
 
 334 N.C. 662
 
 ,
 
 435 S.E.2d 324
 
 (1993) (parent-child);
 
 Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.
 
 ,
 
 327 N.C. 283
 
 ,
 
 395 S.E.2d 85
 
 (1990) (parent-unborn child);
 
 Wrenn v. Byrd
 
 ,
 
 120 N.C. App. 761
 
 ,
 
 464 S.E.2d 89
 
 (1995) (wife-husband). Plaintiff cites no case from
 
 any jurisdiction
 
 legitimizing a bystander claim similar to that which he alleges in this case. However, he is correct that under
 
 Ruark
 
 , "the relationship between the plaintiff and the other person for whose welfare the plaintiff is concerned" is but one factor to consider in determining foreseeability. 327 N.C. at 305,
 
 395 S.E.2d at 98
 
 .
 

 *762
 
 Nevertheless, applying the
 
 Ruark
 
 factors to the complaint, we conclude that plaintiff's allegations are insufficient to establish the reasonable foreseeability of his severe emotional distress. That plaintiff "was physically present in the immediate[ ] vicinity of, and contemporaneously observed" Crotty's injuries favors foreseeability.
 

 Id.
 

 However, no factor is determinative in all cases.
 
 Sorrells
 
 , 334 N.C. at 672, 435 S.E.2d at 322. Here, plaintiff's allegations regarding his relationship with Crotty fail to support the foreseeability of his injury. Except for paragraph 28's statement that defendants knew plaintiff and Crotty "as fellow teammates and friends," the complaint contains no allegation or facts suggesting that the pair shared an unusually close relationship. Nor does plaintiff explain how his friendship with Crotty demonstrates any "peculiar susceptibility" to severe emotional distress.
 
 Wrenn
 
 ,
 
 120 N.C. App. at 767
 
 ,
 
 464 S.E.2d at 93
 
 .
 

 In conclusion, we hold that plaintiff's complaint fails to state a cognizable claim for negligent infliction of emotional distress arising from concern for himself or Crotty. Therefore, we affirm the trial court's order dismissing plaintiff's action.
 

 AFFIRMED.
 

 Judges DIETZ and MURPHY concur.
 

 [1]
 

 Plaintiff also filed a separate cause of action against BCBE alleging violations of his constitutional rights. Plaintiff voluntarily dismissed the constitutional claim at the hearing on defendants' motion to dismiss on 9 May 2016.
 

 [2]
 

 In addition to negligent infliction of emotional distress, plaintiff's complaint also asserted a claim for "uninsured and/or underinsured motorist coverages." However, because plaintiff's appellate brief does not address this claim, we will not discuss it further on appeal.