IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-202

No. COA21-219

Filed 5 April 2022

Caldwell County, No. 20CVS489

JULIANA CAULEY, Plaintiff,

v.

CHARLES BEAN, Defendant.

Appeal by Plaintiff from order entered 4 January 2021 by Judge Robert C. Ervin in Caldwell County Superior Court. Heard in the Court of Appeals 1 December 2021.

> *Johnson & Groninger, PLLC, by Jennifer Iliana Segnere and Ann Groninger, for Plaintiff-Appellant.*

> *Caudle & Spears, P.A., by L. Cameron Caudle, Jr., and Christopher P. Raab, for Defendant-Appellee.*

COLLINS, Judge.

Plaintiff appeals the trial court's order granting Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's complaint for negligent infliction of emotional distress. Because we are bound by this Court's precedent in *Holleman v. Aiken*, 193 N.C. App. 484, 668 S.E.2d 579 (2008) and *Horne v. Cumberland Cnty. Hosp. Sys., Inc.*, 228 N.C. App. 142, 746 S.E.2d 13 (2013) to conclude that Plaintiff's complaint failed to sufficiently allege that she suffered severe emotional distress, we affirm the trial

court's order.

## I. Facts

Plaintiff, Juliana Cauley; her father, Ignacio Giraldo; and two friends took a bicycle ride on Blowing Rock Highway on 10 October 2019. Plaintiff was in front, followed by her father, while the two friends rode some distance behind. Plaintiff and her father were riding generally north on Blowing Rock Highway. At the same time, Defendant was driving south in his minivan. Defendant was driving erratically as he approached the bicycle riders from the opposite direction. As Defendant came around a curve, he crossed the center lane and continued across the road to the opposite shoulder, before veering right, back onto the road. Plaintiff saw Defendant's erratic driving as he approached and steered her bicycle to her right onto a nearby gravel pull out. When Defendant veered back to his right, he did not hit Plaintiff. Plaintiff's father, however, had veered to his left. Defendant struck Plaintiff's father. He was ejected from his bicycle and landed in the road. After the impact, Defendant fled the scene. Plaintiff witnessed the incident and injuries which resulted in her father's death; she waited with her father for help to come.

Plaintiff filed a complaint against Defendant on 24 April 2020 alleging negligence, negligent infliction of emotional distress ("NIED"), and gross negligence, seeking punitive damages. Defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief could be granted. Following a hearing, the

trial court dismissed each of Plaintiff's claims by order entered 4 January 2021. Plaintiff appealed.

## II. Discussion

¶ 4 Plaintiff argues that the trial court erred by granting Defendant's motion to dismiss her NIED claim, because her complaint adequately pled a legally viable claim against Defendant.[1]

¶ 5 The standard of review of a trial court's order granting a Rule 12(b)(6) motion is whether the complaint states a claim on which relief can be granted when the complaint is liberally construed and all factual allegations in the plaintiff's complaint are taken as true. *Country Club of Johnston Cnty., Inc. v. U.S. Fidelity & Guar. Co.*, 150 N.C. App. 231, 238, 563 S.E.2d 269, 274 (2002). Dismissal is proper only "when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cnty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002). We review de novo a trial court's order on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Cheryl Lloyd*

---

[1] Plaintiff makes no argument concerning the trial court's dismissal of her negligence, gross negligence, and punitive damages claims. The dismissal of those claims is not before this Court and any issue relating to those claims is deemed abandoned. N.C. R. App. P. 28(a).

*Humphrey Land Inv. Co., v. Resco Prods., Inc.*, 377 N.C. 384, 2021-NCSC-56, ¶ 8. A complaint must contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief[.]" N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2020). Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." *Id.* § 1A-1, Rule 8(e)(1). "Pleadings should be construed liberally and are sufficient if they give notice of the events and transactions and allow the adverse party to understand the nature of the claim and to prepare for trial." *Haynie v. Cobb*, 207 N.C. App. 143, 148-49, 698 S.E.2d 194, 198 (2010).

¶ 6　　To state a claim for negligent infliction of emotional distress under North Carolina law, the plaintiff must allege that: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress, and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990).

¶ 7　　Here, the parties do not disagree that Plaintiff's complaint sufficiently alleged that Defendant negligently engaged in conduct. We thus confine our discussion to whether Plaintiff's complaint sufficiently alleged both that it was reasonably foreseeable that such negligence would cause Plaintiff severe emotional distress, and

that such negligence did in fact cause Plaintiff severe emotional distress.

## A. Reasonable Foreseeability

¶ 8    Plaintiff first argues that she sufficiently pled that it was reasonably foreseeable that Defendant's negligence would cause Plaintiff severe emotional distress.

¶ 9    "Factors to be considered on the question of foreseeability in cases such as this include the plaintiff's proximity to the negligent act, the relationship between the plaintiff and the other person for whose welfare the plaintiff is concerned, and whether the plaintiff personally observed the negligent act." *Id.* at 305, 395 S.E.2d at 98. These factors are not exhaustive and no single factor is determinative in all cases. *Riddle v. Buncombe Cnty. Bd. of Educ.*, 256 N.C. App. 72, 77, 805 S.E.2d 757, 762 (2017); *see also Ruark Obstetrics*, 327 N.C. at 291, 395 S.E.2d at 89 ("[O]ur law includes no arbitrary requirements to be applied mechanically to claims for negligent infliction of emotional distress."). Rather, "[q]uestions of foreseeability and proximate cause must be determined under all the facts presented, and should be resolved on a case-by-case basis by the trial court and, where appropriate, by a jury." *Ruark Obstetrics*, 327 N.C. at 305, 395 S.E.2d at 98 (citations omitted); *Newman v. Stepp*, 376 N.C. 300, 306, 852 S.E.2d 104, 109 (2020), *reh'g denied*, 376 N.C. 673, 852 S.E.2d 629 (2021) (quoting *Sorrells v. M.Y.B. Hosp. Ventures of Asheville*, 334 N.C. 669, 672-73, 435 S.E.2d 320, 322 (1993)) (alteration omitted).

In this case, Plaintiff alleged, in relevant part, the following:

4. On October 10, 2019 at approximately 11:42 a.m., Ignacio Giraldo was riding his bicycle in a general northernly direction on US 221, also known as Blowing Rock Highway, in Blowing Rock, North Carolina. This section of Blowing Rock Highway is a winding two-lane road with one lane of travel in each direction.

. . . .

6. Riding with Giraldo that day were his daughter [Plaintiff] Juliana Cauley and two other bicycle riders. As the group rode along Blowing Rock Highway, [Plaintiff] was in front followed by Giraldo. The other two riders were some distance behind the first two.

. . . .

8. At the same time that Giraldo and [P]laintiff were riding generally North on Blowing Rock Highway, [D]efendant was driving South in a 2009 Toyota minivan . . . .

9. Defendant was driving erratically in his Toyota minivan when he approached the bicycle riders from the opposite direction. As [D]efendant came around a curve, he crossed over the center line and went off the road on the opposite side, then veered back onto the road.

10. [Plaintiff] saw [D]efendant's erratic driving as [D]efendant approached and had steered her bicycle to the right toward a small gravel pull out in an attempt to steer clear of the [D]efendant. Thus, when [D]efendant veered back to his right, he missed [Plaintiff]. Their actions were simultaneous, and it was simply luck that [Plaintiff] was not struck.

11. Ignacio Giraldo had veered left, opposite to where [D]efendant appeared to be heading. When [D]efendant veered back to the right, [D]efendant struck Ignacio

Giraldo head on.

12. The impact ejected Ignacio Giraldo from his bicycle, causing him to land in the roadway. Defendant fled the scene.

13. Plaintiff witnessed the incident and injuries which resulted in her father's death; she waited with her father as he lay, dying and waiting for help to come.

14. Defendant's negligence and gross negligence was the sole cause of the collision and the death of Ignacio Giraldo.

. . . .

18. Defendant's negligent and reckless behavior caused the violent death of Ignacio Giraldo and caused [Plaintiff] to suffer severe emotional distress.

. . . .

22. Defendant knew, or in the exercise of reasonable care should have known that the operation of a motor vehicle in a reckless manner or at excessive speeds could cause severe injuries and even death to other users of the highways. Defendant further knew, or in the exercise of reasonable care should have known, that inflicting death or serious injury to others on the roadways was likely to cause severe emotional distress to family members of those so injured.

. . . .

24. Plaintiff was only a few feet away from her father when [Defendant] struck [P]laintiff's father head on and killed him.

Weighing in favor of foreseeability is the allegation that the direct victim and person for whose welfare Plaintiff was concerned was Plaintiff's father. *Ruark Obstetrics*, 327 N.C. at 305-06, 395 S.E.2d at 98; *see, e.g., Wrenn v. Byrd*, 120 N.C.

App. 761, 464 S.E.2d 89 (1995) (wife-husband); *Fox-Kirk v. Hannon*, 142 N.C. App. 267, 542 S.E.2d 346 (2001) (mother-child); *Newman*, 376 N.C. 300, 852 S.E.2d 104 (parents-child). Also weighing in favor of foreseeability are Plaintiff's allegations of close proximity to Defendant's negligent act and that she personally observed the negligent act. *Ruark Obstetrics*, 327 N.C. at 305-06, 395 S.E.2d at 98; *Riddle*, 256 N.C. App. at 77, 805 S.E.2d at 762 ("That plaintiff 'was physically present in the immediate[] vicinity of, and contemporaneously observed' [the direct victim's] injuries favors foreseeability."); *see, e.g.*, *Wrenn*, 120 N.C. App. at 766, 464 S.E.2d at 93 (plaintiff in same room as direct victim and "personally observed" negligent act); *Fox-Kirk*, 142 N.C. App. at 275, 542 S.E.2d at 352 (plaintiff in same car as direct victim); *cf. Andersen v. Baccus*, 335 N.C. 526, 532-33, 439 S.E.2d 136, 140 (1994) (emotional distress not reasonably foreseeable where plaintiff arrived at scene after accident occurred); *Sorrells*, 334 N.C. at 674, 435 S.E.2d at 323 (emotional distress not reasonably foreseeable where plaintiffs were not at scene of and did not witness accident). Further weighing in favor of foreseeability are Plaintiff's allegations that Defendant "struck Ignacio Giraldo head on, . . . . [and] the impact ejected Ignacio Giraldo from his bicycle, causing him to land in the roadway." After hitting her father, "Defendant fled the scene."

¶ 12        Considering the totality of the facts and circumstances alleged, we conclude Plaintiff's allegations are sufficient to establish the reasonable foreseeability of her

severe emotional distress. *See Newman*, 376 N.C. at 313, 852 S.E.2d at 113 ("[W]e reiterate . . . [that] the question of reasonable foreseeability must be determined under all of the facts presented and should be resolved on a case-by-case basis instead of mechanistic requirement[s] associated with the presence or absence of the [*Ruark*] factors.").

¶ 13    Citing *Fields v. Dery*, 131 N.C. App. 525, 509 S.E.2d 790 (1998), Defendant argues that because Plaintiff did not allege that Defendant had actual knowledge of Plaintiff's relationship to her father when Defendant hit her father, Plaintiff's allegations regarding reasonable foreseeability are insufficient to support her claim for negligent infliction of emotional distress. Defendant's argument is misplaced.

¶ 14    In *Fields*, plaintiff alleged, in part, that she was following her mother, driving her own vehicle several car lengths behind her mother's vehicle. Defendant drove his truck through a stop sign and hit plaintiff's mother's car. Her mother's car rolled approximately three times before stopping and her mother was thrown from her vehicle and killed. Plaintiff witnessed the collision and was the first person to come to her mother's assistance. *Id.* at 526, 509 S.E.2d at 790.

¶ 15    Although the Court noted that the "plaintiff did not allege that defendant had any knowledge of plaintiff's relationship to the decedent[,]" the Court specified that "cases of negligent infliction of emotional distress must be determined on a case-by-case basis, considering all of the relevant facts." *Id.* at 527, 509 S.E.2d at 791

(citations omitted). Ultimately, the Court concluded that "the possibility in the case before us that decedent might have had a child following her in a separate vehicle, who might witness the collision and suffer severe emotional distress because of defendant's alleged negligence, could not have been reasonably foreseeable to defendant." *Id.* at 529, 509 S.E.2d at 792.

¶ 16 Unlike in *Fields*, where plaintiff alleged she was driving her own car several car lengths behind her mother's car, Plaintiff in this case alleged that she and her father were riding bicycles together on the highway; Defendant came around a curve, crossed over the center line, veered back onto the road, and struck Plaintiff's father "head on"; "Plaintiff was only a few feet away from her father" when Defendant struck her father; the impact ejected Plaintiff's father from his bicycle and he landed on the road; Plaintiff witnessed the incident and injuries which resulted in her father's death; and Defendant fled the scene. Considering all the relevant facts, including allegations of facts that implicate the *Ruark* factors, as well as the unique facts of this case, we conclude that Plaintiff alleged sufficient facts for a jury to conclude that her emotional distress was a reasonably foreseeable consequence of Defendant's negligence.

**B. Severe Emotional Distress**

¶ 17 Plaintiff next argues that she sufficiently pled that Defendant's negligence caused her severe emotional distress.

¶ 18    "An allegation of severe emotional distress is sufficient to overcome dismissal under Rule 12(b)(6) so long as it provides the defendant with 'notice of the nature and basis of plaintiff['s] claim so as to enable him to answer and prepare for trial.'" *Demarco v. Charlotte-Mecklenburg Hosp. Auth.*, 268 N.C. App. 334, 343, 836 S.E.2d 322, 328 (2019) (quoting *Acosta v. Byrum*, 180 N.C. App. 562, 570, 638 S.E.2d 246, 252 (2006)).  Severe emotional distress has been defined as "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so."  *Ruark Obstetrics*, 327 N.C. at 304, 395 S.E.2d at 97.

¶ 19    Our Supreme Court has not required a plaintiff to plead severe emotional distress with great detail.  In *McAllister v. Ha*, 347 N.C. 638, 496 S.E.2d 577 (1998), Plaintiffs alleged that defendant-physician had negligently failed to inform them of the possibility that their future child could suffer from sickle-cell disease.  Plaintiffs gave birth to a child carrying the disease.  *Id.* at 640, 496 S.E.2d at 580.  In support of their NIED cause of action, plaintiff-wife alleged that she had been unable to sleep due to concerns about the child's health.  Plaintiffs' complaint also alleged "that defendant's negligence caused them 'extreme mental and emotional distress, and financial loss.'"  *Id.* at 641, 496 S.E.2d at 580.  The Court concluded that plaintiffs' allegations, "while sparse, are sufficient to state a claim for negligent infliction of

emotional distress." *Id.* at 646, 496 S.E.2d at 583.

¶ 20          Likewise, prior to 2008, opinions from this Court did not require a plaintiff to plead severe emotional distress with great detail. For example, in *Chapman ex. rel. Chapman v. Byrd*, 124 N.C. App. 13, 475 S.E.2d 734 (1996), plaintiffs alleged that they "suffered severe emotional distress, mental anguish, and ridicule as a proximate result of" defendant's negligence. *Id.* at 22, 475 S.E.2d at 740. Although these allegations were "somewhat conclusory," *id.* at 20, 475 S.E.2d at 739, they were "sufficient to satisfy the pleading requirements set forth in [*Ruark Obstetrics*] and . . . the trial court therefore erred by dismissing plaintiffs' NIED claims." *Id.* at 22, 475 S.E.2d at 740. Similarly, in *Dixon v. Stuart*, 85 N.C. App. 338, 354 S.E.2d 757 (1987), plaintiff's allegations that defendant's acts "were intended to cause and did in fact cause plaintiff to suffer extreme emotional distress" were "sufficient to apprise the defendant of what the claim is and what events produced it." *Id.* at 340, 354 S.E.2d at 759 (discussing severe emotional distress in the context of an IIED claim); *see also Acosta*, 180 N.C. App. at 570, 638 S.E.2d at 252 ("[P]laintiff here claimed that defendant's negligence caused severe emotional distress, humiliation, and mental anguish. This allegation alone, when combined with her other factual claims, placed defendant on notice of the nature and basis of plaintiff's claim." (quotation marks and citation omitted)).

¶ 21          More recently, however, this Court has required a complaint for NIED to

contain some factual allegations to support an allegation of severe emotional distress. In *Holleman v. Aiken*, this Court affirmed the dismissal of plaintiff's NIED claims where the complaint did "not make any specific factual allegations as to [plaintiff's] 'severe emotional distress.'" 193 N.C. App. at 502, 668 S.E.2d at 591. In *Horne v. Cumberland Cnty. Hosp. Sys., Inc.*, plaintiff alleged that she suffered severe emotional distress "without any factual allegations, regarding the type, manner, or degree of severe emotional distress she claims to have experienced." 228 N.C. App. at 149, 746 S.E.2d at 20. Following *Holleman*, this Court held in *Horne* that without such factual allegations describing the emotional distress, "plaintiff's complaint fails to state a valid claim for NIED." *Id.*

¶ 22    We are bound by *Holleman* and *Horne* and conclude that Plaintiff's allegations in this case are insufficient. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). The only allegations in Plaintiff's complaint regarding her emotional distress are that Defendant's actions "proximately caused the negligent infliction of emotional distress of [P]laintiff" and that "[P]laintiff suffered severe emotional distress." These allegations arguably suffice under *McAllister*, *Chapman*, *Dixon*, and *Acosta*. Moreover, Defendant did not argue at the hearing on his motion to dismiss that he did not have notice of the nature

and basis of Plaintiff's claim of severe emotional distress, raising this argument for the first time on appeal. Nonetheless, under *Holleman* and *Horne,* "without any factual allegations regarding the type, manner, or degree of severe emotional distress she claims to have experienced[,]" we are constrained to hold that Plaintiff's complaint "fails to state a valid claim for NIED." *Horne*, 228 N.C. App. at 149, 746 S.E.2d at 20.

### III. Conclusion

We conclude that Plaintiff's allegations are sufficient to allege that it was reasonably foreseeable that Defendant's negligence would cause Plaintiff severe emotional distress. However, as Plaintiff's complaint is devoid of factual allegations regarding the type, manner, or degree of severe emotional distress she claims to have experienced, Plaintiff has not sufficiently pled that Defendant's negligence caused her severe emotional distress. Accordingly, we affirm the trial court's dismissal of Plaintiff's NIED claim.

AFFIRMED.

Judges DILLON and ZACHARY concur.